[Cite as *JPMorgan Chase Bank v. Dattilo*, 2014-Ohio-5286.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 101239

## JPMORGAN CHASE BANK, N.A.

PLAINTIFF-APPELLEE

vs.

## ANN M. DATTILO, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-809744

**BEFORE:** E.T. Gallagher, J., Kilbane, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** November 26, 2014

**ATTORNEY FOR APPELLANTS**

David M. Lynch
333 Babbitt Road
Suite 333
Euclid, Ohio 44123


**ATTORNEYS FOR APPELLEE**

Stephen D. Williger
Nicole K. Wilson
Thompson Hine, L.L.P.
3900 Key Center
127 Public Square
Cleveland, Ohio 44114

John E. Codrea
Manley, Deas & Kochalski, L.L.C.
P.O. Box 165028
Columbus, Ohio 43216

Benjamin N. Hoen
Weltman, Weinberg & Reis Co., L.P.A.
323 West Lakeside Avenue
Suite #200
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Ann M. Dattilo ("Dattilo"), appeals from the trial court's granting of summary judgment in favor of plaintiff-appellee, JPMorgan Chase Bank, N.A. ("Chase"). Finding no merit to the appeal, we affirm.

{¶2} On July 27, 2006, Dattilo signed a note for the principal amount of $73,000. The note was secured by a mortgage, for property located at 3691 East 63rd Street, Cleveland, Ohio 44105. The mortgage was signed by both Dattilo and her husband, Tony Dattilo ("Tony"). The note and mortgage named Aegis Wholesale Mortgage Corporation ("Aegis") as the lender and holder. On the same date the note and mortgage were signed, an allonge was affixed to the note, endorsed in blank.

{¶3} In March 2013, Dattilo defaulted on her mortgage payments. On May 15, 2013, the mortgage was assigned to Chase by Aegis. In June 2013, Chase filed a complaint against Dattilo, Tony, and Fleet Area 3691 E. 63rd L.L.C.,[1] alleging default under the terms of the mortgage, and instituting foreclosure proceedings.

{¶4} In December 2013, Chase filed for summary judgment. Represented by new counsel, Dattilo filed a motion for additional time to respond to Chase's motion, which was granted in January 2014. Dattilo filed her brief in opposition in February 2014. The trial court granted Chase's motion for summary judgment in March 2014. It is from this decision that Dattilo now appeals.

---

[1] Neither Tony Dattilo nor Fleet Area 3691 E. 63rd L.L.C. joined Ann Dattilo on appeal.

{¶5} In her sole assignment of error, Dattilo argues the trial court erred in granting summary judgment in favor of Chase because her uncontested affidavit established that promissory estoppel barred Chase from foreclosing on the property.

{¶6} An appellate court reviews a decision granting summary judgment on a de novo basis. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is properly granted when (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C); *State ex rel. Duganitz v. Ohio Adult Parole Auth.*, 77 Ohio St.3d 190, 191, 672 N.E.2d 654 (1996).

{¶7} This court, in *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 17, held that to prevail on a motion for summary judgment in a foreclosure action the plaintiff must prove:

> (1) that the plaintiff is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the plaintiff is not the original mortgagee, the chain of assignments and transfers; (3) that the mortgagor is in default; (4) that all conditions precedent have been met; and (5) the amount of principal and interest due.

In support of its foreclosure action, Chase attached to its complaint copies of (1) the original note, (2) the allonge to the note, endorsed in blank, (3) the original mortgage, (4) a family rider, and (5) the assignment of the mortgage, from Aegis to Chase.

{¶8} In addition to these documents, Chase attached the affidavit of one of its vice presidents, Samuel B. Muller ("Muller"), to its motion for summary judgment. Civ.R. 56(E) provides in pertinent part that:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show

affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit.

Unless controverted by other evidence, a specific averment that an affidavit pertaining to business is made upon personal knowledge of the affiant satisfies the Civ.R. 56(E) requirement that affidavits both in support or in opposition to motions for summary judgment show that the affiant is competent to testify to the matters stated.

Muller averred that he is a mortgage servicer for Chase, that he was competent to testify, and that he personally reviewed Chase's business records. Muller averred that the copies of the note and mortgage, attached to the complaint and motion, were true and accurate copies of the original instruments. Muller averred that the loan records for Dattilo are maintained by Chase in the course of regularly conducted business activities. Muller further averred that Chase, directly or through its agent, is in possession of the original note and was in possession of it prior to the filing of the complaint for foreclosure. Finally, Muller averred that the bank's records demonstrated that appellant was in default since March 2013, and that the principal balance due on the loan is $66,866.93, plus interest at 6.75 percent.

{¶9} We find Muller's affidavit and the supporting documentation were sufficient to meet Chase's initial burden under Civ.R. 56(C). *See RBS Citizens, N.A. v. Krasnov*, 8th Dist. Cuyahoga No. 100992, 2014-Ohio-4217, ¶ 15. We note Dattilo did not rebut any of the evidence Chase set forth regarding standing or interest at the trial level or on appeal.

{¶10} In her brief in opposition to Chase's motion for summary judgment, as well as on appeal, Dattilo's sole argument is that Chase should not be able to foreclose upon the property because it failed to renegotiate the terms of her mortgage as promised. In her affidavit, Dattilo averred that "[p]laintiff bank promised me in a telephone call several months ago to call again to negotiate a modification in lieu of foreclosure but they never kept their promise." Dattilo argues

Chase's failure to negotiate as promised constitutes promissory estoppel, barring the foreclosure claim.

{¶11} In order to prove a claim of promissory estoppel, Dattilo must establish the following elements: (1) a clear and unambiguous promise, (2) reliance on the promise, (3) that the reliance is reasonable and foreseeable, and (4) that she was injured by her reliance. *Pappas v. Ippolito*, 177 Ohio App.3d 625, 2008-Ohio-3976, 895 N.E.2d 610, ¶ 54 (8th Dist.).

{¶12} In support of her claim that promissory estoppel has been established by way of her affidavit, Dattilo cites to *Huntington Natl. Bank v. Calvert*, 9th Dist. Summit No. 25684, 2012-Ohio-2883. She argues that *Calvert* stands for the proposition that if a homeowner alleges promissory estoppel, and the bank fails to refute the claim that a promise was made, then the homeowner prevails. However, *Calvert* does not stand for that proposition and is highly distinguishable from the instant case. In *Calvert*, the bank moved for summary judgment on defendant's defense claim of promissory estoppel. The trial court granted the bank's motion and the appellate court reversed, finding that the bank had not set forth sufficient evidence to be granted summary judgment on that issue.

{¶13} In the instant case, Chase did not move for summary judgment on Dattilo's defense of promissory estoppel. Dattilo never raised promissory estoppel as a defense in her answer. She raised it for the first time in her brief in opposition to Chase's motion for summary judgment. Chase's motion for summary judgment was granted on Chase's claim that Dattilo was in default of her mortgage payments and they were therefore entitled to foreclose.

{¶14} Chase argues the trial court did not err in granting summary judgment in its favor because (1) it does not concede that it made such a promise to Dattilo, and (2) even if this court

were to assume it had made such a promise, Chase was not barred from filing a foreclosure action against her by its failure to negotiate as promised.

{¶15} As an initial matter, we find Dattilo has failed to satisfy the elements of promissory estoppel. Despite listing the necessary elements in her brief, Dattilo's affidavit only satisfies the first element. Neither her affidavit nor her appellate brief contain any evidence or argument concerning the remaining three elements. Regardless, assuming arguendo that Chase did promise Dattilo it would negotiate with her and subsequently failed to do so, such a failure does not bar a foreclosure action against her.

{¶16} "A lender has no duty to modify a loan. * * * Until both parties agree to the modification, the original terms of the loan are still in force, and mere negotiations are unenforceable." (Citation omitted.) *Wells Fargo Bank, N.A. v. Stevens*, 7th Dist. Mahoning No. 12 MA 219, 2014-Ohio-1399, ¶ 16, citing *Huntington Natl. Bank v. R.R. Wellington, Inc.*, 11th Dist. Portage No. 2012-P-0035, 2012-Ohio-5935, ¶ 25-27. "Mere negotiations do not affect the validity or enforceability of a loan or mortgage." *Stevens* at ¶ 2. *See also BAC Home Loans Servicing, LP v. Mullins*, 12th Dist. Preble No. CA2013-12-015, 2014-Ohio-4761, ¶ 35 (bank's ability to seek judgment on a note is not affected by parties' potential for modification and negotiation).

{¶17} Therefore, the trial court did not err in granting summary judgment in favor of Chase where Dattilo failed to establish a genuine issue of material fact.

{¶18} Accordingly, Dattilo's sole assignment of error is overruled.

{¶19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

MARY EILEEN KILBANE, P.J., and
TIM McCORMACK, J., CONCUR