[Cite as *Fed. Natl. Mtge. Assn. v. Herren*, 2017-Ohio-8401.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 105088**

---

# FEDERAL NATIONAL MORTGAGE ASSOCIATION

PLAINTIFF-APPELLEE

vs.

# THOMAS R. HERREN, ET AL.

DEFENDANTS-APPELLANTS

---

## JUDGMENT:
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-829507

**BEFORE:** Celebrezze, J., E.T. Gallagher, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** November 2, 2017

**ATTORNEYS FOR APPELLANTS**

Dan L. McGookey
Kathryn M. Eyster
McGookey Law Office, L.L.C.
225 Meigs Street
Sandusky, Ohio 44870


**ATTORNEYS FOR APPELLEE**

Michael L. Wiery
Jessica Wilson
Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.
P.O. Box 96696
30455 Solon Road
Solon, Ohio 44139

**Also Listed**

**For JPMorgan Chase Bank, N.A., s.b.m. Bank One, N.A.**

Nelson M. Reid
Bricker & Eckler, L.L.P.
100 South Third Street
Columbus, Ohio 43215

Keesha N. Warmsby
Baker Hostetler
65 East State Street, Suite 2100
Columbus, Ohio 43215

**For State of Ohio Department of Taxation**

Mike DeWine
Ohio Attorney General
150 East Gay Street, 21st Floor
Columbus, Ohio 43215

**For United States of America**

Marlon A. Primes
Assistant United States Attorney
U.S. Courthouse, Suite 400
801 West Superior Avenue
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

**{¶1}** Appellants, Sandra J. Herren and Thomas R. Herren, appeal the grant of summary judgment in favor of Federal National Mortgage Association ("Fannie Mae") in a foreclosure case. The Herrens argue that there are genuine issues of material fact that make summary judgment inappropriate. After a thorough review of the record and law, this court reverses and remands.

## I. Factual And Procedural History

**{¶2}** Sandra and Thomas executed a note and mortgage on December 1, 2001.[1] The note involved appellants and Nexthome Mortgage Corporation ("Nexthome"). The note submitted in this case bears an endorsement from Nexthome to Metropolitan Bank ("Metropolitan") and a further endorsement from Ohio Savings Bank, N.A. ("Ohio Savings") in blank. Attached to the note is an allonge from Metropolitan to Ohio Savings. The assignments of mortgage submitted with the complaint include three assignments. The first is an assignment from Nexthome to Ohio Savings. The second is a corrective assignment from CitiMortgage, Inc. ("Citi"), as attorney-in-fact for Ohio Savings to Citi. This assignment includes language indicating that the Federal Deposit Insurance Corporation ("FDIC") took over the assets of Ohio Savings and that Citi was acting on behalf of the FDIC when making the assignment.[2] The third assignment is

---

[1] Thomas was not vested with legal title to the property, so he signed the mortgage to release his dower interest.

[2] The corrective assignment related to an earlier assignment from Ohio Savings Bank to Citi that lacked language or a recorded power of attorney that would evidence Citi's ability to assign the

from Citi to Fannie Mae. In 2010, the Herrens were in default and Citi, the purported owner of the note, sent them a default letter setting forth their right to cure and accelerated the note. In 2011, a foreclosure complaint was filed by Citi. This complaint was eventually dismissed without prejudice. The note was then transferred to Fannie Mae, and it instituted a second foreclosure case on July 9, 2014.

{¶3} The case proceeded through discovery and depositions, and Fannie Mae filed a motion for summary judgment. The Herrens opposed the motion by filing a brief in opposition supported by affidavits and deposition testimony and also filed a motion to strike an affidavit attached to Fannie Mae's motion based on an alleged lack of personal knowledge of the affiant. Fannie Mae then filed a reply brief in support of summary judgment and a brief in opposition to the motion to strike.

{¶4} On August 22, 2016, the magistrate assigned to the case issued a decision finding that Fannie Mae was entitled to summary judgment and entitled to the relief sought in the complaint. The magistrate also denied the motion to strike. The Herrens filed objections to the magistrate's decision, and Fannie Mae filed a reply in support. On September 21, 2016, the trial court adopted the magistrate's decision in a separate opinion. The Herrens then filed the instant appeal, claiming that "[t]he trial court erred in granting Fannie Mae's motion for summary judgment."

## II. Law and Analysis

### A. Standard of Review

mortgage.

**{¶5}** Summary judgment under Civ.R. 56 provides for the expedited adjudication of matters where there is no material fact in dispute to be determined at trial. To obtain summary judgment, the moving party must show that "(1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party." *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996), citing *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 219, 631 N.E.2d 150 (1994).

**{¶6}** The moving party has the initial responsibility of establishing its entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). "[I]f the moving party meets this burden, summary judgment is appropriate only if the nonmoving party fails to establish the existence of a genuine issue of material fact." *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 16, citing *Dresher* at 293.

**{¶7}** Once a moving party demonstrates no material issue of fact exists for trial and the party is entitled to judgment, it is the nonmoving party's duty to come forth with argument and evidence that demonstrates a material issue of fact does exist that would preclude judgment as a matter of law. *Id.*

### B. Standing

**{¶8}** The Herrens first assert that Fannie Mae lacks standing. Standing requires that, in order to invoke the jurisdiction of a court, a party must have a real interest in the litigation at the outset. *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214. A plaintiff is required to show it "'suffered (1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct, and (3) likely to be redressed by the requested relief.'" *Deutsche Bank Natl. Trust Co. v. Holden*, 147 Ohio St.3d 85, 2016-Ohio-4603, 60 N.E.3d 1243, ¶ 20, quoting *Moore v. Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977, ¶ 22. In the foreclosure context, that requires a plaintiff to show that it is entitled to enforce the note and has an interest in the mortgage. *Fannie Mae v. Hicks*, 2016-Ohio-8484, 77 N.E.3d 380, ¶ 4 (8th Dist.), fn. 2, citing *Holden* at ¶ 27.

## 1. Entitled to Enforcement

**{¶9}** Under Ohio's version of the Uniform Commercial Code ("UCC"), one entitled to enforce an instrument is any of the following:

(1) The holder of the instrument;

(2) A nonholder in possession of the instrument who has the rights of a holder;

(3) A person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 1303.38 [dealing with lost or destroyed instruments] or division (D) of section 1303.58 of the Revised Code [dealing with mistaken payments].

R.C. 1303.31(A).   Below, Fannie Mae argued that it was a holder of the note signed by the Herrens, or, at the very least, a nonholder with rights of a holder.   The Herrens dispute that Fannie Mae is a holder or has the rights of a holder.

### i.   Holder

{¶10} One becomes a holder through the specific process of negotiation. *Deutsche Bank Natl. Trust Co. v. Gardner*, 8th Dist. Cuyahoga No. 92916, 2010-Ohio-663, ¶ 21.   Negotiation is a defined term under the UCC.   "Negotiation" means "a voluntary or involuntary transfer of possession of an instrument by a person other than the issuer to a person who by the transfer becomes the holder of the instrument."   R.C. 1303.21(A).   The statute goes on to provide, with limited exception, "if an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its indorsement[3] by the holder.   If an instrument is payable to bearer, it may be negotiated by transfer of possession alone."   R.C. 1303.21(B).

{¶11} Here, Fannie Mae asserts that the note is endorsed in blank, and is therefore bearer paper; mere possession is sufficient to demonstrate that it is a holder.

{¶12} An endorsement in blank transforms a negotiable instrument into bearer paper, meaning it is payable to whoever has possession of the instrument absent a limited set of circumstances or defenses.   However, the validity of that blank endorsement from

---

[3] The statute uses a different spelling, "indorsement," than the common spelling "endorsement."

Ohio Savings is in dispute. Ohio Savings must have had rights of a holder in order to bestow that status on future possessors of the note. R.C. 1303.22(B) ("Transfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument, including any right as a holder in due course * * *.").

{¶13} The issue becomes whether Metropolitan's endorsement is valid and the impact that has on Ohio Savings endorsement in blank when that endorsement came long before the allonge attached to the note purporting to negotiate the instrument to Ohio Savings existed.

{¶14} Fannie Mae complicated this question by claiming ignorance as to the origins of the allonge attached to the note. Fannie Mae's arguments and the deposition testimony of its witness indicate that the allonge was merely lost, later found, and reattached to the note. The Herrens provided the affidavit of Julie DeLucia, a Huntington National Bank ("Huntington") employee, who signed the endorsement from Metropolitan to Ohio Savings. According to DeLucia, in 2011 a representative from Citi sought to have her sign an undated, already prepared allonge purporting to negotiate the note from Metropolitan to Ohio Savings. The Herrens demonstrated that Metropolitan ceased to exist by this time. However, Fannie Mae showed that Huntington was successor to Metropolitan's interests by providing records of succession, and DeLucia averred in her affidavit that she had authority to sign on behalf of Metropolitan because Huntington was the successor to Metropolitan's interests. *See*

*Acordia of Ohio, L.L.C. v. Fishel*, 133 Ohio St.3d 345, 2012-Ohio-2297, 978 N.E.2d 814.

While DeLucia could sign the endorsement as a Huntington employee as successor in interest to Metropolitan, she was not an employee of Metropolitan. The statement that she was an employee of Metropolitan only goes to demonstrate lack of candor in the history of this note.

{¶15} The validity of the Metropolitan endorsement and transfer, and thus Ohio Savings' endorsement in blank, is addressed by R.C. 1303.22(C). This statute provides, "[u]nless otherwise agreed, if an instrument is transferred for value the transferee has a specifically enforceable right to the unqualified indorsement of the transferor, but negotiation of the instrument does not occur until the indorsement is made by the transferor." The UCC contemplates an invalid endorsement that accompanies a transfer of possession, and gives the transferee an unqualified right to the endorsement of the transferor. Once that endorsement occurs, negotiation is perfected and any rights, including rights of a holder, are vested in the transferee. *See* Whaley, *Symposium Journal — Four More Years? Business Law and the Great Recession: Mortgage Foreclosures, Promissory Notes, and the Uniform Commercial Code*, 39 W.St.U.L.Rev. 313, 319-320 (2012). This provision of the UCC does not concern who is the owner of the note or even who has possession. This codified right to cure a defective negotiation indicates that once Huntington, successor in interest to Metropolitan, executed the endorsement contained within the allonge, the previous transfer to Ohio Savings became a negotiation, vesting in Ohio Savings all rights and interest that Metropolitan may have

possessed.[4]   This could make Ohio Savings a holder in due course, and its rights and status would flow through Ohio Savings' endorsement in blank to the present possessor of the note.

{¶16} However, the language of R.C. 1303.22(C) only applies to a transfer for value.   *See also* Comment three to R.C. 1303.22.   The endorsement on the allonge does not specify whether there was a transfer for value and neither does any other evidence produced in the case.   The endorsement only specifies that it is without recourse.

{¶17} Example three in the comment to R.C. 1303.22 is illustrative and provides,

> Payee negotiated the note to X who took as a holder in due course. X sold the note to Purchaser who received possession. The note, however, was indorsed to X and X failed to indorse it. Purchaser is a person entitled to enforce the instrument under section 3-301 and succeeds to the rights of X as holder in due course. Purchaser is not a holder, however, and under section 3-308 Purchaser will have to prove the transaction with X under which the rights of X as holder in due course were acquired.

{¶18} This indicates that Fannie Mae is not a holder, but may be entitled to enforce where it can prove the transaction wherein it acquired its rights to enforcement. Attempting to pass off an undated endorsement as though it was executed contemporaneously with a purported negotiation of the note from Metropolitan to Ohio Savings does not "prove the transaction" as suggested under the example.   The representative provided by Fannie Mae for deposition had no knowledge of why there was an endorsement from Nexthome to Metropolitan but no assignment of the mortgage.

---

[4] This analysis is muddied by DeLucia's inexact endorsement where she indicated she was an employee of Metropolitan.

She also had no knowledge of the purported negotiation of the note to Metropolitan or from Metropolitan to Ohio Savings, and did not state that the transfer was for value. DeLucia had no knowledge of the transaction between Metropolitan to Ohio Savings either.

**{¶19}** Fannie Mae may very well be entitled to enforce the note, but on this record, it has not provided sufficient evidence to show that as a matter of law.

### ii. Nonholder with Rights of Enforcement

**{¶20}** Fannie Mae also argues that even if it is not a holder, it is a nonholder in possession with rights of enforcement.

**{¶21}** Under R.C. 1303.22(A) a transfer occurs "when [an instrument] is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument." If the transferor neglects to endorse, then the transferee is not a holder, but is entitled to enforce if the transferor was a holder. R.C. 1303.22(B). As explained above, it is unclear from this record whether Ohio Savings was a holder.

**{¶22}** When this court was faced with a similar issue, we looked to other evidence to demonstrate an intent to transfer. *Gardner*, 8th Dist. Cuyahoga No. 92916, 2010-Ohio-663. There, this court looked to language in the contemporaneous assignments of mortgage that purported to transfer all rights and interests and referenced the accompanying note to find an intent to transfer rights of enforcement where a proper negotiation did not occur. *Id*. at ¶ 18-22.

**{¶23}** When the Twelfth District was faced with a defect in the chain of endorsements, it agreed with this court's jurisprudence by looking to other evidence to find a transfer of interests and rights to enforcement:

> [Fifth Third's] allegations that it was in possession of a note and entitled to enforce it, combined with the copy of the unendorsed note, at the very minimum, demonstrated that [Fifth Third] was entitled to enforce as a nonholder in possession. *See* R.C. 1303.22(B); *Deutsche Bank Natl. Trust Co. v. Gardner*, 8th Dist. Cuyahoga No. 92916, 2010-Ohio-663, ¶ 18-22. The note attached to the complaint was payable to State Savings Bank. Therefore, State Savings Bank was the initial holder because the note was payable to it as an identified person. R.C. 1303.25(A). The fact that [Fifth Third] was in possession of the unendorsed note along with language used in the mortgage and the assignment of the mortgage showed a chain of custody and indicated that State Savings Bank or some other person transferred the note to [Fifth Third] with the intent that [Fifth Third] be entitled to enforce the note.

*Fifth Third Mtge. Co. v. Bell*, 12th Dist. Madison No. CA2013-02-003, 2013-Ohio-3678, ¶ 21.

**{¶24}** The Tenth District, faced with a gap in the chain of a note, disagreed:

> It appears that U.S. Bank conflates "transferee" with "holder" to leap-frog over holes in the chain of transfer that are not supported in the record by evidentiary-quality materials. Under either R.C. 1303.22(A) or (B), a transferee gets only what the transferor had to give, no matter the intention or purpose of the transferor. R.C. 1303.22(A) does not magically transform a note's "transfer" to "rights of a holder." This is especially true, since R.C. 1303.22(B) limits the rights of the transferee to the rights held by the transferor. Thus, if Wells Fargo Bank, N.A. was not a "holder" or a "person entitled to enforce" the Georges' note, neither is U.S. Bank. R.C. 1303.22(B).

*U.S. Bank N.A. v. George*, 2016-Ohio-7788, 66 N.E.3d 788, ¶ 21 (10th Dist.).

**{¶25}** This court's jurisprudence disagrees with some portions of the *George* opinion in that this court has held that intent to transfer may be demonstrated with other

evidence such as assignments of the mortgage. *Gardner* at ¶ 22. However, the chain of assignments of the mortgage is not helpful in the present case because there is also an unexplained break in these assignments.

{¶26} The Herrens argue that the chain of transfers of the mortgage differs from that of the note. In the Eighth District, an assignment of mortgage that purports to transfer all rights and interests, and references a transfer of the note, can be used as evidence of an intent to transfer rights of enforcement of the note when accompanied by delivery of the note. *Id*. at ¶ 22. Fannie Mae argues that even if it is not a holder of the note, that it is still a nonholder with rights of enforcement and uses this case law from the Eighth District to support its argument.

{¶27} However, the assignments of mortgage in the record do not track the purported endorsements of the note. The note indicates that it was endorsed to Metropolitan. There is no corresponding assignment of mortgage to Metropolitan. The mortgage was assigned to Ohio Savings from Nexthome, to Citi from Ohio Savings, and finally to Fannie Mae from Citi.

{¶28} In its motion for summary judgment, Fannie Mae did not thoroughly address the conflict in transfers between the note and mortgage or the delayed endorsement from Metropolitan. Further, in its reply brief, it asserted that "even if the Defendants could establish the allonge is invalid, Fannie Mae is nonetheless entitled to enforce the Note as the non-holder in possession pursuant to R.C.1303.31(A)." It goes on to assert that the affidavit of Nathan Abeln, attached to its motion for summary judgment, "clearly

establishes Fannie Mae's possession of the original Note and has obtained the right of a holder by virtue of the chain of assignments of mortgage." The mortgage assignments do not show this.

{¶29} The break in the chain of assignments does not evidence a clear intent on previous holders of the note to transfer rights of enforcement. There is no assignment from Metropolitan to Ohio Savings. While the Herrens do not have standing to challenge the assignments of mortgage, that is not the issue here. Fannie Mae is attempting to use those assignments to buttress its argument that it has a right to enforce the note. However, because of the conflict between the assignments and the endorsements, it is unclear from this record whether that is true.

{¶30} The Herrens also attack the validity of the affidavit used to demonstrate that Fannie Mae possessed the original note. During the proceedings below, Fannie Mae produced the original note for an in camera inspection and the Herrens, along with a forensic document examiner, were allowed to inspect it. While the Herrens assert that there were two copies of the note presented in different proceedings, they do not assert that the note presented in the present case was not the original document they signed. The Abeln affidavit averred that Fannie Mae has possession of the original note. The Herrens have not met their reciprocal burden of demonstrating a material issue of fact about Fannie Mae's possession of the note.

{¶31} In response, the Herrens attack the validity of the Abeln affidavit because they allege that averments were not based on personal knowledge.

**{¶32}** In order to comply with Civ.R. 56's evidentiary requirement and be considered at the summary judgment phase, an affidavit must be based on personal knowledge, provide a basis for that knowledge, and provide facts based on that knowledge that would be admissible in evidence. *JPMorgan Chase Bank v. Dattilo*, 8th Dist. Cuyahoga 101239, 2014-Ohio-5286, ¶ 7, citing Civ.R. 56(E).

**{¶33}** The Abeln affidavit provided that he is a foreclosure specialist at the servicer employed by Fannie Mae to service the Herrens' loan. He averred that the statements in the affidavit are based on personal knowledge, and then set forth that he personally reviewed the regularly kept business records involving the Herren loan. He averred that Fannie Mae has possession of the note endorsed in blank and is the assignee of the mortgage. He further stated that the Herrens were in default and that a notice of default was sent on July 6, 2010.

**{¶34}** This affidavit satisfies the requirement for consideration under Civ.R. 56(E). *See Dattilo* at ¶ 8. However, it is not sufficient to entitle Fannie Mae to summary judgment as set forth above. So while it may be considered by this court and the trial court, it is not determinative on Fannie Mae's entitlement to foreclosure. There remain material questions of fact surrounding the chain of endorsements and assignments.

## 2. Separate Right to Foreclosure

**{¶35}** Fannie Mae also asserts that even if it is not entitled to enforce the note, it has a separate and distinct avenue for relief in foreclosure of the mortgage. *Holden*, 147 Ohio St.3d 85, 2016-Ohio-4603, 60 N.E.3d 1243. Fannie Mae's reliance on that recent

decision from the Supreme Court of Ohio regarding a separate right to enforce the mortgage through foreclosure is also misplaced in this case.

{¶36} Fannie Mae asserts that it is the assignee of the mortgage and therefore, has a separate right to foreclose under *Holden*. However, *Holden* did not disturb the rule in Ohio that the mortgage follows the note in transfers: "'the negotiation of a note operates as an equitable assignment of the mortgage, even though the mortgage is not assigned or delivered.'" *HSBC Bank USA, N.A. v. Thompson*, 2d Dist. Montgomery No. 23761, 2010-Ohio-4158, ¶ 80, quoting *U.S. Bank Natl. Assn. v. Marcino*, 181 Ohio App.3d 328, 2009-Ohio-1178, 908 N.E.2d 1032, ¶ 52 (7th Dist.).

{¶37} Here, there is a transfer of the note from Nexthome to Metropolitan without a corresponding assignment of the mortgage. Then, there is a 2011 endorsement of the note to Ohio Savings long after Fannie Mae asserts that the note was transferred. Therefore, there is a material question of fact about Fannie Mae's ability to foreclose on the mortgage where this conflict remains unexplained. Fannie Mae can cure such an issue, but here, Fannie Mae ignored it. Fannie Mae's attempt to cure these defects requires more explanation to ensure they comply with the applicable rules and qualify as proper remedies for defective negotiations and assignments.

### C. Conditions Precedent

**{¶38}** The Herrens also claim that Fannie Mae failed to satisfy conditions precedent, including complying with Fannie Mae policies regarding notice to a defaulting borrower and a face-to-face meeting, the failure to send a proper default letter, and failed to establish the amount due under the note.

**{¶39}** Violations of Fannie Mae's internal policies do not provide the Herrens with a defense in this foreclosure action. The Herrens' loan was not a loan governed by federal regulations promulgated by the Department of Housing and Urban Development for Federal Housing Authority insured loans that the Herrens cite to in support. Further, an in-person interview is not required under the terms of the note. Therefore, any impact of the loan servicer or Fannie Mae's failure to live up to its own internal rules does not impact its right to foreclose. The relationship of the parties is governed by the note in this case, which does not require satisfaction of any of the provisions on which the Herrens rely.

**{¶40}** Another condition precedent to foreclosure is an acceleration of the amount due under the note with notice and an opportunity to cure. Here, Fannie Mae relies on a letter sent by Citi informing the Herrens of acceleration in 2010 and the Abeln affidavit. The 2010 letter indicated that the Herrens were in default and the entire amount due under the note would be accelerated unless they made a timely payment. When the Herrens failed to cure, a previous foreclosure action was filed. In the interim, the Herrens did not attempt to cure by tendering payment. Once a loan is accelerated and the entire

amount is due, absent agreement of the parties, the outstanding balance remains due. Therefore, Fannie Mae's reliance on the 2010 notice of default letter is sufficient in this case to satisfy its burden.

**{¶41}** Finally, the Herrens claim that because only a partial payment history was offered, Fannie Mae did not establish the amount due under the note. Fannie Mae is not required to provide a complete payment history to satisfy its burden of establishing the amount due. *U.S. Bank, N.A. v. Matthews*, 8th Dist. Cuyahoga No. 105011, 2017-Ohio-4075, ¶ 33, citing *Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, at ¶ 40 ("There is no requirement that a plaintiff provide a complete 'payment history' in order to establish its entitlement to summary judgment in a foreclosure action."). Fannie Mae's Abeln affidavit provided that the Herrens were in default. He averred the balance due under the note had been accelerated and set forth the amount due. Fannie Mae also provided a detailed payment history and balance going back a number of years. The Herrens did not offer any contrary evidence that a different amount was due. The Abeln affidavit and accompanying account statements are sufficient in the absence of contrary evidence. *Matthews* at ¶ 43, citing *Cent. Mtge. Co. v. Elia*, 9th Dist. Summit No. 25505, 2011-Ohio-3188, ¶ 7.

### III. Conclusion

**{¶42}** The UCC has specific provisions that allow a defective negotiation to be reformed and for Fannie Mae to attain holder status. However, Fannie Mae failed to aver or even allege that it complied with these provisions or other provisions that Fannie Mae took the loan without notice of the previous issues. Further, Fannie Mae has not established that it is a nonholder with rights of enforcement based on the unaddressed issues in the endorsements and the lack of evidence that previous holders assigned the mortgage with all rights and interests to the note. Therefore, there are material questions of fact regarding these issues.

**{¶43}** This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellants recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

EILEEN T. GALLAGHER, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR