[Cite as *Deutsche Bank Trust Co. of Ams. v. Jones*, 2018-Ohio-587.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105778**

## DEUTSCHE BANK TRUST CO. OF AMERICAS

PLAINTIFF-APPELLEE

vs.

## DAVID W. JONES, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-16-866003

**BEFORE:** Blackmon, J., S. Gallagher, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** February 15, 2018

-i-

**ATTORNEY FOR APPELLANTS**

Sam Thomas, III, Esq.
Sam Thomas, III Esq. & Associates
17325 Euclid Avenue, Suite 4083
Euclid, Ohio 44112


**ATTORNEYS FOR APPELLEE DEUTSCHE BANK COMPANY AMERICAS, AS TRUSTEE FOR RESIDENTIAL ACCREDIT LOANS, INC., MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-QS9**

Ted A. Humbert
Charles V. Gasior
Ashley E. Mueller
Jason A. Whitacre
Clunk, Paisley, Hoose Co., L.P.A.
4500 Courthouse Blvd., Suite 400
Stow, Ohio 44224

PATRICIA ANN BLACKMON, J.:

{¶1}   Appellants David Jones ("Jones") and Caroline Jones (collectively referred to as "the Joneses") appeal the trial court's judgment granting foreclosure in favor of appellee Deutsche Bank Trust Co. of Americas ("Deutsche Bank").   The Joneses assign the following three errors for our review:

> I.   The trial court erred to the prejudice of [the Joneses] by granting [Deutsche Bank's] motion for summary judgment even though [Deutsche Bank] failed to prove that it satisfied all conditions precedent mandated by the National Housing Act of 1934 (912 U.S.C.1701 et seq.) and 42 U.S.C.
>
> II.   Reviewing [Deutsche Bank's] motion for summary judgment de novo, the record is clear and convincing that the trial court erred to the prejudice of [the Joneses] by granting [Deutsche Bank's] motion for summary judgment.
>
> III.   The trial court erred to the prejudice of [the Joneses] by granting [Deutsche Bank's] motion for summary judgment based   upon   the existence of genuine issues of material fact regarding [Deutsche Bank's] failure to provide sufficient evidence of entitlement to foreclosure and/or damages.

{¶2}   Having reviewed the record and relevant law, we affirm the trial court's decision.   The apposite facts follow.

{¶3}   On May 23, 2006, the Joneses purchased a multifamily property located on Glenmont Road in Cleveland.   Jones signed a note payable to First Magnus Financial Corporation ("First Magnus") for $150,000.   The record indicates that an allonge payable to the order of  Deutsche Bank as Trustee ("Deutsche Bank Trustee") for Residential Accredit Loans, Inc. ("RALI") was  attached to the note.   The Joneses also executed a

mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") acting solely as nominee for First Magnus. On August 29, 2012, the mortgage was assigned from First Magnus to Deutsche Bank Trust Co. ("Deutsche Bank Trust") as trustee for Residential Accredit Loans, Inc. ("RALI"), and duly recorded. Later, in April 2016, the mortgage was assigned from Deutsche Bank Trust to Deutsche Bank, and duly recorded.

{¶4} On July 11, 2016, Deutsche Bank filed a complaint for foreclosure and other equitable relief, alleging that due to nonpayment, the loan balance of $142,475 had accelerated. Deutsche Bank also alleged that all conditions precedent to seeking foreclosure were satisfied.

{¶5} On January 30, 2017, Deutsche Bank filed a motion for summary judgment, supported by the copies of the mortgage, note endorsements and assignments, and an affidavit from Deutsche Bank Trust's loan service officer, Jesse Rosenthal ("Rosenthal"). Rosenthal averred that the last payment on the loan was received in 2012, and the balance of $142,475 was now due. In opposition, the Joneses argued that Deutsche Bank failed to comply with conditions precedent to seeking foreclosure under regulations promulgated by the United States Department of Housing and Urban Development ("HUD"). The Joneses also alleged that Deutsche Bank lacked standing to enforce the note and mortgage, and that there was insufficient evidence demonstrating nonpayment.

{¶6} On March 23, 2017, the magistrate issued a decision granting Deutsche Bank summary judgment. No objections were filed, and on April 14, 2017, the trial court adopted the magistrate's decision.

## Conditions Precedent

**{¶7}** In the first assigned error, the Joneses argue that Deutsche Bank did not satisfy conditions precedent to filing its foreclosure action because it failed to conduct a face-to-face meeting with them as required under HUD regulations, set forth in 24 C.F.R. 203.604(b).

**{¶8}** Loans governed by or incorporating HUD regulations must comply with 24 C.F.R. 203.604(b). *Fed. Natl. Mtge. Assn. v. Herren*, 8th Dist. Cuyahoga No. 105088, 2017-Ohio-8401, ¶ 39; *Bank of Am. v. Allen*, 8th Dist. Cuyahoga No. 105473, 2017-Ohio-7726, ¶ 19. In relevant part, these regulations state:

> The mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid. If default occurs in a repayment plan arranged other than during a personal interview, the mortgagee must have a face-to-face meeting with the mortgagor, or make a reasonable attempt to arrange such a meeting within 30 days after such default and at least 30 days before foreclosure is commenced[.]

**{¶9}** The Joneses argue that because their mortgage document states, "Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS," the HUD regulations were incorporated into the terms of the mortgage. However, the documents do not specifically incorporate the HUD regulations or otherwise reference any regulations promulgated by the Secretary of Housing and Urban Development. Moreover, the mortgage also contains designated "NON-UNIFORM COVENANTS" that advise the Borrower that in the event of a default, he shall have 30 days to cure the default, and the

failure to cure within that time period may result in acceleration of all sums due and foreclosure. These non-uniform covenants do not require a face-to-face meeting or otherwise incorporate the requirements of the HUD regulations. Therefore, the record does not demonstrate that the loan was governed by HUD. As this court explained in *Herren*:

> The Herrens' loan was not a loan governed by federal regulations promulgated by the Department of Housing and Urban Development for Federal Housing Authority insured loans that the Herrens cite to in support. Further, an in-person interview is not required under the terms of the note. Therefore, any impact of the loan servicer or Fannie Mae's failure to live up to its own internal rules does not impact its right to foreclose. The relationship of the parties is governed by the note in this case, which does not require satisfaction of any of the provisions on which the Herrens rely.

{¶10} In short, the Joneses have not demonstrated that the HUD regulations have been incorporated into their note or mortgage. *BAC Home Loans Serv., LP v. Taylor,* 9th Dist. Summit No. 26423, 2013-Ohio-355 (note incorporated regulations of the Secretary of Housing and Urban Development). Accordingly, this assigned error is without merit.

### Entitlement to Foreclosure

{¶11} In the second and third assigned errors, the Joneses argued that the affidavit of Deutsche Bank's loan servicing officer was insufficient to demonstrate that Deutsche Bank was entitled to foreclosure and damages as set forth in its motion for summary judgment. The Joneses complained that the officer was without personal knowledge and relied upon hearsay.

{¶12} Appellate review of granting summary judgment is de novo. Pursuant to Civ.R. 56(C), the party seeking summary judgment must prove that (1) there is no genuine issue of material fact; (2) they are entitled to judgment as a matter of law; and (3)

reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party.

{¶13} To support summary judgment motions, "sworn or certified" documents may be submitted, accompanied by an affidavit, which "shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." Civ.R. 56(E).

{¶14} Once the movant satisfies this burden, the opposing party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." *Id.*

{¶15} In order to prevail on a motion for summary judgment in a foreclosure action, the plaintiff must prove:

> (1) that the plaintiff is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the plaintiff is not the original mortgagee, the chain of assignments and transfers; (3) that the mortgagor is in default; (4) that all conditions precedent have been met; and (5) the amount of principal and interest due.

*Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 17.

{¶16} In *Najar*, this court explained:

> Unless controverted by other evidence, a specific averment that an affidavit pertaining to business is made upon personal knowledge of the affiant satisfies the Civ.R. 56(E) requirement that affidavits both in support or in opposition to motions for summary judgment show that the affiant is competent to testify to the matters stated.

*Id.* at ¶ 20, quoting *Bank One, N.A. v. Swartz*, 9th Dist. Lorain No. 03CA008308, 2004-Ohio-1986, ¶ 14.

{¶17} An affiant testifying as to mortgage payment records must have personal knowledge of the record-keeping system in which the documents were maintained. *See Bank of New York Mellon v. Roulston,* 8th Dist. Cuyahoga No. 104908, 2017-Ohio-8400, ¶ 16. The witness must show that he or she is sufficiently familiar with the operation of the business and with the circumstances of the preparation, maintenance, and retrieval of the record in order to reasonably testify on the basis of this knowledge that the record is what it purports to be, and was made in the ordinary course of business. *Id.* at ¶ 17. Personal knowledge can be shown where the affiant's job responsibilities provide personal knowledge of the record-keeping practices of the bank and the loan and payment history of the borrower. *Bank of Am., N.A. v. Calloway*, 2016-Ohio-7959, 74 N.E.3d 843, ¶ 20 (8th Dist.); *Wilmington Trust N.A. v. Boydston*, 8th Dist. Cuyahoga No. 105009, 2017-Ohio-5816, ¶ 14 (personal knowledge can be reasonably inferred based on the affiant's position and other facts contained in the affidavit).

{¶18} This court has held that business records are admissible even though the bank's affiant reviewed but did not create the records showing default. *RBS Citizens, N.A. v. Zigdon*, 8th Dist. Cuyahoga No. 93945, 2010-Ohio-3511. *Accord Najar* (servicer of borrower's loan competent to testify regarding the content of documents in borrower's loan file with which he was personally familiar).

{¶19} In rejecting the claim that the affiant was simply testifying based upon her review of hearsay business records, this court in *Boyston* concluded that the documents

the affiant had reviewed and attached to his affidavit (the note, mortgage, mortgage assignments, the payment history for the loan, and the bank's letter advising the defendant of the loan default), were either not hearsay or were excepted from the hearsay rule of inadmissibility. This court explained:

> [T]he Mortgage, the Mortgage Assignments, and the statements contained therein are excepted from the hearsay rule under Evid.R. 803(14) and (15) as records of documents affecting an interest in property and statements in documents affecting an interest in property.
>
> * * *
>
> Vieau testified that as part of her job duties, she was familiar with the records relating to Boydston's loan, the records were made at or near the time of the event described in the record by a person with knowledge, the records were made and kept in the ordinary course of Nationstar's regularly conducted business activity, and she had personally reviewed them. She also authenticated the documents.

*Id.* at ¶ 16, 20, quoting *Wells Fargo Bank Natl. Assn. v. Maxfield*, 12th Dist. Butler No. CA2016-05-089, 2016-Ohio-8102. *See also Nationstar Mtge., L.L.C. v. Wagener,* 8th Dist. Cuyahoga No. 101280, 2015-Ohio-1289, ¶ 26.

{¶20} In this matter, loan servicing officer Rosenthal averred that he has personal knowledge of the facts and matters set forth in the affidavit offered in support of Deutsche Bank's motion for summary judgment. He averred that in the regular performance of his job functions, he reviews business records related to the servicing of the mortgage loan at issue, and that these records are maintained in the regular course of business. Rosenthal authenticated the note, mortgage, and assignments, attesting that they are true and accurate. He also authenticated attached payment records detailing all payments and demonstrating that the Joneses' last payment was applied to the May 2012 installment of the mortgage. Rosenthal averred that the Joneses were advised in August

2012 that the loan was in default, accelerating the unpaid balance of $142,475. This sufficiently demonstrated his personal knowledge of the relevant business records, including the note, mortgage, mortgage assignments, and the payment history for the loan. Rosenthal was competent to testify to the occurrence of default, acceleration of the note, and damages. Moreover, in their brief in opposition, the Joneses did not present any evidence demonstrating payment, miscalculation, or other lack of default or right to accelerate.

**{¶21}** In accordance with the foregoing, the Joneses' assigned errors challenging Deutsche Bank's evidence in support of its motion for summary judgment are without merit.

### Standing

**{¶22}** The Joneses also argue that Deutsche Bank lacks standing to file for foreclosure. They complain that the allonge to the note is undated and was not properly affixed.

**{¶23}** A party commencing litigation must have standing to sue in order to invoke the jurisdiction of the common pleas court. *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 38. At the time of commencement of the suit, a plaintiff must have "a personal stake in the outcome of the controversy and have suffered some concrete injury that is capable of resolution by the court." *U.S. Bank, N.A. v. Matthews*, 8th Dist. Cuyahoga No. 105011, 2017-Ohio-4075, ¶ 28, quoting *Bank of Am., N.A. v. Adams*, 8th Dist. Cuyahoga No. 101056, 2015-Ohio-675, ¶ 7.

**{¶24}** As explained in *Herren*,

Under Ohio's version of the Uniform Commercial Code ("UCC"), one entitled to enforce an instrument is any of the following:

(1) The holder of the instrument;

(2) A nonholder in possession of the instrument who has the rights of a holder;

(3) A person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 1303.38 [dealing with lost or destroyed instruments] or division (D) of section 1303.58 of the Revised Code [dealing with mistaken payments].

R.C. 1303.31(A). A party can become the holder of a negotiable instrument by specific endorsement to an identified payee or by holding the negotiable instrument while it is indorsed in blank. R.C. 1303.25(A)-(B).

**{¶25}** Deutsche Bank asserted that it was a holder of the note signed by the Joneses through negotiation. "Negotiation" means "a voluntary or involuntary transfer of possession of an instrument by a person other than the issuer to a person who by the transfer becomes the holder of the instrument." *Herren*, citing R.C. 1303.21(A). If "an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its indorsement of the note by the holder." *Id*. When an instrument is negotiated, the transferee becomes a holder with the right to enforce the instrument. R.C. l303.31(A)(1).

**{¶26}** "An allonge is defined as '[a] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements.'" *HSBC Bank USA v. Thompson*, 2d Dist.

Montgomery No. 23761, 2010-Ohio-4158, ¶ 56, citing *Chase Home Fin., L.L.C. v. Fequiere*, 119 Conn.App. 570, 577, 989 A.2d 606 (2010), fn. 7; *Wells Fargo Bank, N.A. v. Byers*, 10th Dist. Franklin No. 13AP-767, 2014-Ohio-3303. The *Thompson* court discussed the meaning of attachment of an allonge to a note and discussed various caselaw finding the stapling of the allonge to the note to be sufficient.

**{¶27}** Moreover, there is no requirement that indorsements on a negotiable instrument be dated. *Byers* at ¶ 21, citing *Wells Fargo Bank, N.A. v. Roehrenbeck*, 5th Dist. Licking No. 13 CA 29, 2013-Ohio-5498, ¶ 15.

**{¶28}** In this matter, the complaint demonstrated that the Joneses signed a note payable to First Magnus and an allonge payable to the order of Deutsche Bank as Trustee for RALI was also attached to the note. The Joneses also executed a mortgage in favor of MERS as nominee for First Magnus. The mortgage was assigned from First Magnus to Deutsche Bank Trust as trustee for RALI, and duly recorded. The mortgage was later assigned from Deutsche Bank Trust to Deutsche Bank. Deutsche Bank is also in possession of the mortgage and note. From the foregoing, the trial court could properly conclude that Deutsche Bank had standing in this matter. *See Deutsche Bank Natl. Trust Co. v. Ingle,* 8th Dist. Cuyahoga No. 92487, 2009-Ohio-3886, ¶ 18 (affidavit of the bank's loan servicing agent, along with other supporting documents, including allonge of note, sufficient to show the bank was the real party in interest). *Deutsche Bank Natl. Trust Co. v. Sexton*, 12th Dist. Butler No. CA2009-11-288, 2010-Ohio-4802, ¶ 13 (Deutsche Bank had standing where its assignments and allonge indicating that the note

was payable to the order of Deutsche Bank). *See also U.S. Bank Assn. v. Stallman*, 8th Dist. Cuyahoga No. 102732, 2016-Ohio-22, ¶ 20-22.

{¶29} The Joneses also argued below that Deutsche Bank lacked standing due to various claimed defects in the endorsements involving MERS, First Magnus, and Deutsche Bank Trust.

{¶30} In *Bank of New York Mellon Trust Co. v. Unger*, 8th Dist. Cuyahoga No. 97315, 2012-Ohio-1950, we held that a borrower does not have standing to challenge the validity of an assignment of the mortgage because the borrower is not a party to the assignment. *Id.* at ¶ 35. The reason for this conclusion is that the assignment does not alter the borrower's obligations under the note or mortgage. *Id. See also Nationstar Mtge. L.L.C. v. Dimasi*, 8th Dist. Cuyahoga No. 102985, 2016-Ohio-3057, ¶ 16; *Macintosh Farms Community Assn. v. Baker*, 8th Dist. Cuyahoga No. 102820, 2015-Ohio-5263.

{¶31} Like in *Unger*, the Joneses were not a party to the assignment of the mortgage; therefore, they lack standing to challenge its validity. The assignment does not alter their responsibilities and obligations under the note or mortgage. The default exposed them to the foreclosure action regardless of the identity of the plaintiff who may prosecute such action. Moreover, because Deutsche Bank has possession of the note, it has standing to bring the foreclosure action. *Citimortgage Corp. v. Patterson*, 8th Dist. Cuyahoga No. 98360, 2012-Ohio-5894, ¶ 21. Moreover, other courts have rejected challenges to MERS, as well as to the pooling and servicing and placements in trust as raised herein. *See Bank of New York Mellon v. Antes*, 11th Dist. Trumbull No.

2014-T-0028, 2014-Ohio-5474; *Deutsche Bank v. Traxler*, 9th Dist. Lorain No. 09CA0009739, 2010-Ohio-3940; *U.S. Bank Natl. Assn. v. Perdeau*, 6th Dist. Lucas No. L-13-1226, 2014-Ohio-5818. Accordingly, this assigned error lacks merit.

**{¶32}** Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

SEAN C. GALLAGHER, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR