[Cite as *Bank of NY Mellon v. Kohn*, 2018-Ohio-3728.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

THE BANK OF NEW YORK MELLON
FKA THE BANK OF NEW YORK, as Trustee For the Certificate Holders Of CWABS,
INC., Asset-Backed Certificates Series 2006-25,

Plaintiff-Appellee,

v.

WILLIAM D. KOHN AKA WILLIAM KOHN ET AL.,

Defendants-Appellants.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 17 MA 0164.**

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2011 CV 2931.

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Kathleen Bartlett, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Laura Infante and Ashley Mueller*, Clunk, Hoose Co., LPA, 4500 Courthouse Blvd.,
Suite 400, Stow, Ohio 44424, for Plaintiff-Appellee, and
*Atty. Bruce Broyles*, 2670 North Columbus Street, Suite L, Lancaster, Ohio 43130, for
Defendants-Appellants.

Dated:
September 10, 2018

**Donofrio, J.**

{¶1}   Defendants-appellants, William and Joan Kohn, appeal from a Mahoning County Common Pleas Court judgment granting summary judgment in favor of plaintiff-appellee, Bank of America New York Mellon.

{¶2}   Appellee filed a complaint in foreclosure against appellants on September 1, 2011, asserting appellants were in default of their mortgage and that appellee was the assignee of the note and mortgage.   The trial court stayed the matter for approximately five years pending the resolution of bankruptcy proceedings.

{¶3}   Appellee filed a motion for summary judgment on February 6, 2017.  To its motion, appellee attached the affidavit of Nicholas Raab.   Raab is an employee of Specialized Loan Servicing, LLC (SLS), which is appellee's loan servicing agent.  Raab averred that SLS maintains the records for appellants' loan in its capacity as appellee's agent.   Raab averred that as part of his job with SLS, he was familiar with SLS's business records including the records dealing with appellants' loan.   Raab then detailed the terms of appellants' loan and default.

{¶4}   Appellants filed a memo in opposition and a motion to strike Raab's affidavit.  They asserted that Raab's affidavit constituted inadmissible hearsay.

{¶5}   The trial court denied appellants' motion to strike Raab's affidavit and granted appellee's motion for summary judgment.

{¶6}   Appellants filed a timely notice of appeal on November 16, 2017.   They now raise a single assignment of error.

{¶7}   Appellants' sole assignment of error states:

> THE TRIAL COURT ERRED IN RELYING UPON THE AFFIDAVIT OF NICHOLAS RAAB WHEN HE WAS TESTIFYING FROM THE RECORDS OF PRIOR SERVICERS AND THOSE RECORDS OF PRIOR SERVICERS WERE CREATED IN CIRCUMSTANCES INDICATING THAT THE RECORDS WERE UNTRUSTWORTHY.

{¶8} In reviewing a trial court's decision on a summary judgment motion, appellate courts apply a de novo standard of review. *Cole v. Am. Industries & Resources Corp.*, 128 Ohio App.3d 546, 552, 715 N.E.2d 1179 (7th Dist.1998). Thus, we shall apply the same test as the trial court in determining whether summary judgment was proper. Civ.R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *State ex rel. Parsons v. Fleming*, 68 Ohio St.3d 509, 511, 628 N.E.2d 1377 (1994). A "material fact" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

{¶9} Civ.R. 56(E) provides in relevant part: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit."

{¶10} Appellants contend that Raab's affidavit constitutes hearsay and does not meet the Evid.R. 803(6) business records exception to hearsay.

{¶11} Hearsay is an out-of-court statement offered in evidence to prove the truth of the matter asserted. Evid.R. 801(C). Hearsay is generally inadmissible, except under certain circumstances. Evid.R. 802. One of those circumstances is the business records exception. It provides that certain business records are not excluded by the hearsay rule if they meet certain conditions:

> A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of information or the method or circumstances of preparation indicate lack of

trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

Evid.R. 803(6).

**{¶12}** Whether a loan servicer can testify as to documents created by prior servicers is the subject of a large amount of litigation in Ohio. Both appellants and appellee cite numerous cases to support their positions. Appellants rely on an Eighth District case that dealt with the same plaintiff and same loan servicer as in this case. The Eighth District held in *Bank of New York Mellon v. Roulston*, 8th Dist. No. 104908, 2017-Ohio-8400, ¶ 18 that:

> Wallace works for SLS, which is the company that services BONY's loans, and Wallace's affidavit demonstrates that she is qualified to authenticate documents that SLS and BONY created and maintained, even if she was not the person who prepared these documents. Nothing in the record, nor in Wallace's affidavit, shows that she is qualified to authenticate records created by Bank of America, or any company other than SLS and BONY, for that matter.

**{¶13}** The court determined that saying the knowledge was "based upon my review of those records relating to loan and from my own personal knowledge of how they are kept and maintained" was insufficient to show a working knowledge as to the creation and maintenance of the records of prior servicers. *Id.* at ¶¶ 14, 17, 18.

**{¶14}** But the Eighth District narrowed its holding in a later case. In *Deutsche Bank Trust Co. of Americas v. Jones*, 8th Dist. No. 105778, 2018-Ohio-587, the court noted that:

> Loan servicing officer Rosenthal averred that he has personal knowledge of the facts and matters set forth in the affidavit offered in support of Deutsche Bank's motion for summary judgment. He averred that in the regular performance of his job functions, he reviews business records related to the servicing of the mortgage loan at issue, and that these

> records are maintained in the regular course of business. Rosenthal authenticated the note, mortgage, and assignments, attesting that they are true and accurate. He also authenticated attached payment records detailing all payments and demonstrating that the Joneses' last payment was applied to the May 2012 installment of the mortgage. Rosenthal averred that the Joneses were advised in August 2012 that the loan was in default, accelerating the unpaid balance of $142,475. This sufficiently demonstrated his personal knowledge of the relevant business records, including the note, mortgage, mortgage assignments, and the payment history for the loan.

*Id.* at ¶ 20. This holding is in accordance with this court's decisions in similar cases.

{¶15} For instance, this court addressed a similar situation in *Bank of New York Mellon for Certificate Holders CWABS, Inc. Asset-Backed Certificates, Series 2005-12 v. Broyles*, 7th Dist. No. 16-MA-0093, 2018-Ohio-357. As to the loan servicer's testimony, we observed:

> Visser also testified that he is familiar with all of the documents contained in appellants' loan and mortgage. (Tr. 17–18). Visser also testified that the information contained in appellants' loan and mortgage documents went through a verification process once Green Tree/Ditech received it and any errors detected in the documents are sent back to be rectified. (Tr. 45–46). Visser also indicated that this process happens any time Ditech "receive[s] a loan from a prior servicer * * *." (Tr. 45).

{¶16} *Id.* at ¶ 13. We determined that these documents, accompanied by Visser's testimony, were sufficient to satisfy Evid.R. 803(6).

{¶17} And in *U.S. Bank, Natl. Assn. v. Wigle*, 7th Dist. No. 13-MA-32, 2015-Ohio-2324, we found the affidavit in question to be admissible:

> The Drakeford affidavit states that the attached documents were business records maintained by Bank of America as servicer for U.S. Bank. Drakeford stated he was familiar and had personal knowledge of the

documents attached and they were made at or near the time of the occurrence of the matters. Further, he authenticated the records as true and correct copies. Again Jennifer makes several unsubstantiated arguments implicating the legality of the affidavit, but she provided no caselaw or Civ.R. 56(C) evidence to support her contentions.

*Id.* at ¶ 32.

**{¶18}** According to the Raab affidavit, there was an almost identical process to what this court found to be acceptable in *Broyles* and *Wigle*. Raab's affidavit stated that he was familiar with the documents in the file and that they had gone through a verification procedure. Raab also attached to the affidavit the payment records, the notice of acceleration, and a modification agreement. The documents and the amount of detail in Raab's affidavit are sufficient to establish personal knowledge.

*{¶19}* Next, appellants attempt to challenge the trustworthiness of the documents Raab introduced because Evid.R. 803(6) states that when "the source of the information or the method or circumstances of preparation indicate a lack of trustworthiness" the business records exception does not apply. In order to show untrustworthiness, appellants point towards a consent decree which was entered against appellee in another case. *United States of America vs. Bank of America Corp.*, U.S. District Court for the District of Columbia, case No.: 1:12-cv-00361-RMC. The consent decree, among other things, states that appellee was not sufficient in their record keeping.

**{¶20}** This court addressed this very question and held that a consent decree does not establish untrustworthiness, and that there has to be a showing of untrustworthiness with the specific exhibits. *Broyles*, 7th Dist. No. 16-MA-0093 at ¶ 16. Appellants offer no evidence that their specific documents are deficient in any way or contrary to the truth. Therefore, the consent decree holds no weight.

**{¶21}** Appellants argue next that SLS does not rely upon the documents in the course of their business. Raab's affidavit shows otherwise:

It is the regular business practice of SLS to integrate prior servicers' records into SLS's business records, and to rely upon the accuracy of

those boarded records in providing its loan servicing functions. These prior servicer records are integrated and relied upon by SLS as part of SLS's business records.

**{¶22}** (Aff. ¶ 3). Appellants argue that this is not sufficient. But there is even more information as to their reliance on the documents in SLS's welcoming letter to appellants. In the welcoming letter, SLS specifically stated that they collect financial information "for our everyday business purposes – Such as to process your transactions, maintain your account(s), respond to court orders and legal investigations, or report to credit bureaus." (Aff. Ex. G).

**{¶23}** Case law supports allowing Raab's affidavit and testimony. The consent decree does not indicate untrustworthiness and SLS uses the documents in the course of its everyday business. Thus, the trial court did not err in relying on Raab's affidavit in granting summary judgment.

**{¶24}** Accordingly, appellants' sole assignment of error is without merit and is overruled.

**{¶25}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs
Bartlett, J., concurs

_____

For the reasons stated in the Opinion rendered herein, the sole assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**