[Cite as *Wells Fargo Bank v. Sowell*, 2015-Ohio-5134.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 102267**

---

**WELLS FARGO BANK**

PLAINTIFF-APPELLEE

vs.

**FREDA J. SOWELL, ET AL.**

DEFENDANTS-APPELLANTS

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-808104

**BEFORE:** Laster Mays, J., Stewart, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** December 10, 2015

**ATTORNEY FOR APPELLANTS**

Christopher L. Wetherbee
Oberholtzer & Filous, L.P.A.
39 Public Square, Suite 201
Medina, Ohio 44256


**ATTORNEYS FOR APPELLEE**

Matthew P. Curry
Manley, Deas & Kochalski, L.L.C.
P. O. Box 165028
Columbus, Ohio 43216

Scott A. King
Terry W. Posey, Jr.
Thompson Hine, L.L.P.
10050 Innovation Drive, Suite 400
Miamisburg, Ohio 45342

ANITA LASTER MAYS, J.:

{¶1} Defendants-appellants, Freda and John Sowell ("Sowells"), appeal the trial court's decision to grant summary judgment in favor of plaintiff-appellee, Wells Fargo Bank, N.A. We affirm.

{¶2} In 2008, the Sowells entered into a loan agreement to purchase a house located on Scottsdale Boulevard in Shaker Heights. In 2013, Wells Fargo filed a complaint for foreclosure in relation to the property, alleging that the Sowells had failed to make payments due on the mortgage.

{¶3} Wells Fargo moved for summary judgment on the foreclosure complaint, and the Sowells objected. A magistrate granted the motion for summary judgment and the Sowells filed timely objections, arguing that the affidavit relied upon by Wells Fargo in support of summary judgment was deficient and failed to satisfy the personal knowledge requirement of Civ.R. 56. The Sowells also argued that Wells Fargo's motion for summary judgment, supporting affidavits, and exhibits failed to establish that no material question existed as to the lender's performance of all conditions precedent prior to the acceleration of the Sowell's indebtedness and the filing of the foreclosure complaint.

{¶4} The magistrate overruled the Sowells's objections and the trial court adopted the magistrate's decision.

{¶5} The Sowells filed an appeal and raise two assignments of error for our review:

I. The trial court erred in granting appellee's motion for summary judgment as appellee-plaintiff failed to establish that its affidavit in support of motion for summary judgment was based on the personal knowledge of the affiant.

II. The trial court erred in granting appellee's motion for summary judgment as material questions of fact exist as to whether appellee satisfied all conditions precedent.

### A. De Novo Standard of Review

{¶6} We review summary judgment rulings de novo, applying the same standard as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). We accord no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.

{¶7} Under Civ.R. 56, summary judgment is appropriate when (1) no genuine issue as to any material fact exists; (2) the party moving for summary judgment is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party.

{¶8} On a motion for summary judgment, the moving party carries an initial burden of setting forth specific facts that demonstrate its entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, summary judgment is appropriate only if the nonmoving party fails to establish the existence of a genuine issue of material fact. *Id.* at 293.

{¶9} To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present "evidentiary quality materials" establishing: (1) that the plaintiff is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the plaintiff is not the original mortgagee, the chain of assignments and transfers; (3) that the mortgagor is in default; (4) that all conditions precedent have been met; and (5) the amount of principal and interest due. *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 35.

**B. Affidavit Contained Sufficient Personal Knowledge**

{¶10} In their first assignment of error, the Sowells argue that there was an insufficient showing of personal knowledge in the affidavit supporting Wells Fargo's motion for summary judgment.

{¶11} Wells Fargo attached the affidavit of Mark Verheyen, vice president of loan documentation, to its motion for summary judgment. Verheyen averred that in the regular performance of his job functions, he was familiar with business records maintained by Wells Fargo for the purpose of servicing mortgage loans. He stated that the records were made at or near the time by, or from information provided by, persons with knowledge of the activity and transactions reflected in the records, and are kept in the course of business activity. Verheyen stated he acquired personal knowledge of the matters therein by examining the business records and Freda Sowell executed the note on July 1, 2008, in the original amount of $132,814.00 in favor of Wells Fargo, and the Sowells executed the mortgage in favor of Wells Fargo as security for the note.

{¶12} Verheyen further stated that Wells Fargo was the original payee of the note and, at the time of filing the complaint, to date, Wells Fargo had been in possession of the note. Verheyen authenticated copies of the payment history as it appeared in Wells Fargo's business records and confirmed that Wells Fargo was also the original mortgagee under the mortgage.

{¶13} Wells Fargo attached a copy of the note and a copy of the recorded mortgage to Verheyen's affidavit.

{¶14} In their opposition to summary judgment and on appeal, the Sowells argue that Verheyen's affidavit is insufficient because it did not state that Verheyen had reviewed the original documents and the review of photocopies is manifestly unfair.

**{¶15}** Civ.R. 56(E) sets forth the requirements for affidavits submitted on summary judgment. It provides, in relevant part:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits.

**{¶16}** This court has not adopted a requirement under Civ.R. 56(E) that summary judgment affidavits based on documents must include an averment that the affiant compared copies of the documents attached to the affidavit with the originals, "nor do we intend to do so because the Ohio Supreme Court has not made this a requirement of Civ.R. 56(E)." *Wells Fargo Bank, N.A. v. Hammond*, 8th Dist. Cuyahoga No. 100141, 2014-Ohio-5270, ¶ 37.

**{¶17}** We have further held that:

> "Unless controverted by other evidence, a specific averment that an affidavit pertaining to business is made upon personal knowledge of the affiant satisfies the Civ.R. 56(E) requirement that affidavits both in support or in opposition to motions for summary judgment show that the affiant is competent to testify to the matters stated."

*Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 20, citing *Bank One, N.A. v. Swartz*, 9th Dist. Lorain No. 03CA008308, 2004-Ohio-1986. Where an affiant avers that he or she has personal knowledge of a transaction, "this fact cannot be disputed absent evidence to the contrary." *Household Realty Corp. v. Henes*, 8th Dist. Cuyahoga No. 89516, 2007-Ohio-5846, ¶ 12, citing *Papadelis v. First Am. Sav. Bank*, 112 Ohio App.3d 576, 579, 679 N.E.2d 356 (8th Dist.1996). Similarly, verification of documents attached to an affidavit supporting or opposing a motion for summary judgment is generally satisfied by an appropriate averment in the affidavit itself, for example, that "such copies are true copies and reproductions." *Najar* at ¶ 20.

{¶18} To support their position, the Sowells cite to *HSBC Mtge. Serv., Inc. v. Edmon*, 6th Dist. Erie No. E-11-046, 2012-Ohio-4990. In *Edmon*, the court found that trial court erred when the borrower demonstrated triable issues of fact as to authenticity of promissory note. The borrower offered testimony that the loan servicing officer did not review the original promissory note prior to swearing in her affidavit that the copy of the note attached to the complaint was a true and accurate copy of the original and she was unfamiliar with the processes of the office where the original documents were maintained. *Id.* at ¶ 23-24.

{¶19} This case is distinguishable because Verheyen stated in his affidavit that he was familiar with Wells Fargo's business records; he averred that he was the vice president of loan documentation, in the regular performance of his job functions, he was familiar with business records maintained by Wells Fargo for the purpose of servicing mortgage loans, and in connection with making the affidavit, he acquired personal knowledge of the matters stated by examining the business records. Moreover, this court has held that there is no requirement that an affiant explain the basis for his or her personal knowledge where such knowledge can be reasonably inferred based on the affiant's position and other facts contained in the affidavit. *Nationstar Mtge., L.L.C. v. Perry*, 8th Dist. Cuyahoga No. 99497, 2013-Ohio-5024, ¶ 15, citing *Najar* at ¶ 74.

{¶20} Once Wells Fargo submitted evidence that it was entitled to foreclose on the Sowells' promissory note and mortgage, the burden shifted to the Sowells to present evidence of conflicting facts demonstrating a genuine issue of material fact as to Verheyen's personal knowledge or any of the facts stated in his affidavit. Civ.R. 56(E); *GMAC Mtge., L.L.C. v. Long*, 8th Dist. Cuyahoga No. 102064, 2015-Ohio-4071, ¶ 12. The Sowells cite no evidence in

the record to rebut Verheyen's statement that he had personal knowledge of the facts described in his affidavit or any other fact stated therein.

{¶21} In our view, the nature of the facts stated in Verheyen's affidavit, combined with the position and duties at Wells Fargo, create a reasonable inference that Verheyen has personal knowledge of the facts contained in his affidavit. Thus, his affidavit was sufficient to establish that he had personal knowledge of the matters relevant to this case.

{¶22} In light of the above, the first assignment of error is overruled.

## C. Notice of Default Was Sufficient

{¶23} In the second assignment of error, the Sowells argue that there was a material question of fact as to whether Wells Fargo complied with all conditions precedent before filing suit because the demand letter was from the loan servicer Wells Fargo Home Mortgage, and not the lender, Wells Fargo Bank, N.A. The magistrate found that the condition precedent was met because the purpose of the notice was to notify the borrower that there is a problem with their loan and an opportunity for resolution and because the mortgage did not prohibit notice coming from the loan service, it did not matter if the notice came from the servicer instead of the lender. We agree.

{¶24} Where prior notice of default is required under the terms of a mortgage, compliance with that requirement is a condition precedent to foreclosure. *Nationstar Mtge., L.L.C. v. Wagener*, 8th Dist. Cuyahoga No. 101280, 2015-Ohio-1289, ¶ 53. Thus, a plaintiff seeking to foreclose on the mortgaged property must prove that such notice has been given. *Id*.

{¶25} Section 13 of the mortgage states:

13. Notices. Any notice to the borrower * * * shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in the Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**{¶26}** The Sowells do not challenge that they received notice; instead they challenge *who* sent the notice. But Section 13 does not prohibit notice by the loan servicer.

**{¶27}** This case is somewhat comparable to *Wagener*, where the servicer, BAC Home Loans, sent notice in lieu of the creditor, Bank of America. This court found that the fact that the notice was sent by the servicer rather than the lender or note holder was of "no consequence" because the letter was written on Bank of America letterhead and specifically stated that BAC Home Loans serviced the loan "on behalf of the holder of the promissory note." *Id*. at ¶ 62.

**{¶28}** In this case, the demand letter references Wells Fargo and reflects that it is being sent on behalf of Wells Fargo. The demand letter sent to the Sowells had their loan number on it and was signed by the Wells Fargo Home Mortgage Default Management Department. The letter stated, in part, that "any future negotiations attempting to reinstate your loan or any payment of less than the full amount due shall not require Wells Fargo Bank, N.A.'s waiver of the acceleration unless otherwise agreed to, in writing, by Wells Fargo Bank, N.A." Moreover, the plain terms of Section 13 state that "[a]ny notice provided for in the Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph." Therefore, when taken as a whole, and because the Sowells have shown no evidence to the contrary, we conclude notice as a condition precedent to foreclosure has been met.

**{¶29}** The second assignment is overruled.

**{¶30}** Therefore, the trial court correctly granted summary judgment in this matter. Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MELODY J. STEWART, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR