[Cite as *U.S. Bank, N.A. v. O'Malley*, 2019-Ohio-5340.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

U.S. BANK NATIONAL ASSOCIATION, :

      Plaintiff-Appellee, :

                             No. 108191

      v. :

PATRICK J. O'MALLEY, ET AL., :

      Defendants-Appellants. :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 26, 2019

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-15-855042

### *Appearances:*

Dinsmore & Shohl L.L.P., H. Toby Schisler, and Alicia Bond-Lewis, *for appellee.*

The Law Office of Grace M. Doberdruk, and Grace M. Doberdruk, *for appellants.*

RAYMOND C. HEADEN, J.:

{¶ 1} Defendants-appellants Patrick and Madeleine O'Malley ("the O'Malleys") appeal the trial court's ruling granting plaintiff-appellee U.S. Bank

National Association's ("U.S. Bank") motion for summary judgment, in part, and granting an in rem foreclosure. For the reasons that follow, we affirm.

## I. Factual and Procedural History

**{¶ 2}** On November 16, 2004, the O'Malleys executed a note payable to Finance America, L.L.C., in the principal amount of $297,600. To secure payment of the note, the O'Malleys executed a mortgage on real property located in Westlake, Ohio ("the property") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), acting as a nominee for Finance America, L.L.C. The mortgage was recorded in the Cuyahoga County Recorder's Office on November 19, 2004.

**{¶ 3}** The note contains two undated allonges.[1] The first allonge attached to the note endorses the note from Finance America, L.L.C. to Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass Through Certificates, Series 2005-2 ("Bank of America"). The second allonge contains an endorsement from Bank of America to U.S. Bank.

**{¶ 4}** On June 25, 2009, MERS assigned the note and mortgage to Bank of America. The assignment was recorded with the Cuyahoga County Recorder's Office

---

[1] An allonge is a slip of paper that may be attached to a negotiable instrument in order to show additional indorsements when the original negotiable instrument is filled with indorsements. *Deutsche Bank Trust Co. v. Jones*, 2018-Ohio-587, 107 N.E.3d 117, ¶ 26 (8th Dist.).

on May 3, 2010. A second assignment of the mortgage dated September 29, 2015, reflects an assignment and transfer from Bank of America to U.S. Bank. The second assignment was recorded on October 30, 2015.

{¶ 5} The O'Malleys failed to make the payments due under the note and, on December 1, 2015, U.S. Bank filed a complaint in foreclosure.[2] The complaint alleged as follows: the note and mortgage were in default; U.S. Bank satisfied the conditions precedent; the entire balance was due and payable; and U.S. Bank was entitled to enforce the note and mortgage. The following documentation was attached to the complaint: the note, two allonges, the mortgage, and the assignments of the mortgage. The O'Malleys filed an answer and counterclaim on January 29, 2016. The counterclaim was dismissed on September 12, 2016, pursuant to U.S. Bank's motion for dismissal. On April 28, 2017, both U.S. Bank and the O'Malleys filed competing motions for summary judgment. After the parties fully briefed the motions, a magistrate rendered a decision on July 14, 2017.

{¶ 6} The magistrate's decision found R.C. 1303.16(A)'s six-year statute of limitations barred U.S. Bank's claim on the note seeking a personal money judgment. However, U.S. Bank's foreclosure action on the mortgage was not barred by the applicable statute of limitations.

{¶ 7} U.S. Bank filed objections to the magistrate's decision on July 24, 2017. Before the deadline passed for the O'Malleys to file their objections,

---

[2] U.S. Bank previously filed foreclosure complaints against the O'Malleys but those are not the subject of this appeal.

the trial court entered an order adopting the magistrate's decision. The O'Malleys subsequently filed their objections on July 28, 2017, as well as a motion to vacate on August 24, 2017. On August 24, 2017, and August 30, 2017, U.S. Bank and the O'Malleys, respectively, filed notices of appeal that were dismissed on August 31, 2017, due to a lack of a final appealable order. On September 21, 2017, the trial court denied the O'Malleys' motion to vacate the trial court's adoption of the magistrate's order.

{¶ 8} On September 25, 2017, the trial court overruled the parties' objections and adopted the magistrate's decision. The O'Malleys filed a notice of appeal on October 17, 2017, and U.S. Bank filed a cross-appeal on October 26, 2017. Those appeals were dismissed on November 1, 2018, for lack of a final, appealable order.

{¶ 9} The trial court's amended judgment entry adopting the magistrate's decision and overruling all objections was filed on January 8, 2019. On February 6, 2019, the O'Malleys filed a timely notice of appeal, presenting the following assignments of error for our review:

> First Assignment of Error: The trial court erred by not finding that appellee U.S. Bank's claim for foreclosure was barred by the statute of limitations and by not granting appellants Patrick and Madeleine O'Malley's motion for summary judgment.
>
> Second Assignment of Error: Appellee was not entitled to judgment as a matter of law because the affidavit of Mark Syphus never stated that appellee U.S. Bank had possession of the original note when the complaint was filed.

Third Assignment of Error:   The trial court erred by granting a judgment of foreclosure because a material issue of fact existed for trial regarding whether the allonges [we]re affixed to the original note.

Fourth Assignment of Error:   The trial court erred by granting appellee's motion for summary judgment when the affidavit of Mark Syphus was not made upon personal knowledge and material issues of fact existed for trial.

## II.   **Law and Analysis**

## A. **Standard of Review**

{¶ 10} Before a trial court grants a motion for summary judgment, pursuant to Civ.R. 56(C), the court must determine that:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

{¶ 11} On a motion for summary judgment, the moving party's initial burden is to identify specific facts in the record that demonstrate its entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the moving party does not satisfy this burden, summary judgment is not appropriate. If the moving party meets the burden, the nonmoving party has a reciprocal burden to point to evidence of specific facts in the record that demonstrate the existence of a genuine issue of material fact for trial. *Id.* at 293. Where the nonmoving party fails to meet this burden, summary judgment is appropriate. *Id.*

**{¶ 12}** In a foreclosure action, a plaintiff must prove the following to prevail on a motion for summary judgment:

> (1) that the plaintiff is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the plaintiff is not the original mortgagee, the chain of assignments and transfers; (3) that the mortgagor is in default; (4) that all conditions precedent have been met; and (5) the amount of principal and interest due.

*Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 17.

**{¶ 13}** An appellate court applies a de novo standard when reviewing a trial court's decision that granted summary judgment. *Bayview Loan Servicing, L.L.C. v. St. Cyr*, 2017-Ohio-2758, 90 N.E.3d 321, ¶ 11 (8th Dist.).

## B. <u>Statute of Limitations</u>

**{¶ 14}** The note at issue was accelerated in May 2009. The O'Malleys made no payments following the acceleration date, and U.S. Bank filed a complaint on December 1, 2015 ("2015 complaint"). The complaint sought a personal judgment on the note and foreclosure based upon the mortgage. In their motion for summary judgment, the O'Malleys argued U.S. Bank's complaint — both the action on the note and the action on the mortgage — was barred by R.C. 1303.16(A)'s six-year statute of limitations. The trial court found U.S. Bank's action on the note was barred when it was filed outside R.C. 1303.16(A)'s statute of limitation, but U.S. Bank could proceed on its foreclosure action because it was subject to a longer statute of limitations.

{¶ 15} The O'Malleys contend the foreclosure action was subject to R.C. 1303.16(A) and because this action was filed outside R.C. 1303.16(A)'s six-year statute of limitations, the action was barred and the O'Malleys' motion for summary judgment should have been granted. U.S. Bank argues that (1) the foreclosure action is governed by either R.C. 2305.04, which provides a 21-year statute of limitations or R.C. 2305.06, which applies an 8-year statute of limitations and, (2) because the foreclosure action was filed within either the 21-year or 8-year statute of limitations, the trial court did not err when it granted U.S. Bank's motion for summary judgment.

{¶ 16} Upon a mortgagor's default, the mortgagee bank has three separate and independent remedies that it may pursue in an attempt to collect the debt secured by the mortgage: a personal judgment against the mortgagor to obtain the amount owing on the promissory note; an action in ejectment based on the mortgage; and an action in foreclosure based upon the mortgage. *Deutsche Bank Natl. Trust Co. v. Holden*, 147 Ohio St.3d 85, 2016-Ohio-4603, 60 N.E.3d 1243, ¶ 22-24.

{¶ 17} A personal judgment against the mortgagor is an action on the promissory note and is governed by R.C. 1303.16(A)'s six-year statute of limitations. An action in foreclosure is based upon the mortgage, rather than the promissory note, and is subject to a longer statute of limitations.

{¶ 18} The parties agree U.S. Bank filed its complaint six years after acceleration of the note, and as a result, U.S. Bank is barred, pursuant to

R.C. 1303.16(A), from filing an action on the note. However, the tolling of R.C. 1303.16(A)'s statute of limitations on the note did not bar U.S. Bank's foreclosure action on the mortgage.

{¶ 19} Differences exist between a cause of action pursued on a promissory note in comparison to a cause of action for foreclosure on a mortgage. To recover on the note, the mortgagee files an action for personal judgment on the note that was secured by the mortgage. *U.S. Bank Natl. Assn. v. Robinson*, 8th Dist. Cuyahoga No. 105067, 2017-Ohio-5585, ¶ 7. In contrast, a foreclosure proceeding is an in rem, equitable action based upon the mortgage whereby the mortgagee attempts to secure its interest in the property. *Id.* Actions in foreclosure are premised on the fact that:

> [a] mortgage conveys a conditional property interest to the mortgagee as security for a debt, *FirstMerit Bank, N.A. v. Inks*, 138 Ohio St.3d 384, 2014-Ohio-789, 7 N.E.3d 1150, ¶ 23, and upon default, legal title to the mortgaged property passes to the mortgagee as between the mortgagor and mortgagee, *Hausman v. Dayton*, 73 Ohio St.3d 671, 1995 Ohio 277, 653 N.E.2d 1190 (1995), paragraph one of the syllabus.

*Holden*, 147 Ohio St.3d 85, 2016-Ohio-4603, 60 N.E.3d 1243, at ¶ 23.

{¶ 20} The Ohio Supreme Court found in *Holden* that the distinctions between an action on the note versus an action on the mortgage support its position that the bar of an action on a promissory note secured by a mortgage does not necessarily bar an action on the mortgage. *Id.* at ¶ 25.

{¶ 21} In *Holden*, the individual debtors owned a home; Deutsche Bank ("mortgagee") held a promissory note and mortgage on the home. The promissory

note was discharged in the debtors' bankruptcy proceedings. However, the debtors' bankruptcy discharge did not adversely affect the mortgagee's interest in the mortgage. *Id.* at ¶ 26. Despite a discharge in bankruptcy, the mortgage continued to be security for the debt and the mortgagee could pursue an action on the mortgage. *Id.* at ¶ 27.

{¶ 22} The above-described holding from *Holden* applies in both bankruptcy and nonbankruptcy settings. *Bank of New York Mellon v. Walker*, 2017-Ohio-535, 78 N.E.3d 930, ¶ 23 (8th Dist.). If a mortgagee is unable to enforce a promissory note due to the running of the statute of limitations, the mortgagee still has the right to enforce an action on the mortgage under the longer statute of limitations period set forth in R.C. 2305.04. *Id.* at ¶ 24. "[W]here a party cannot obtain a judgment on the note because of an infirmity that applies only to the note, the party may still seek to enforce the valid obligations contained within the mortgage, including ejectment or foreclosure." *Id.*[3]

{¶ 23} In the instant case, U.S. Bank is barred from obtaining a personal judgment on the note due to the running of R.C. 1303.16(A)'s statute of limitations.

---

[3] The *Holden* court stated: "This case is different. It is an outlier, because in this unique case, the secured party, Deutsche Bank, cannot obtain a judgment on the note and the Holdens have no obligation to satisfy it because the bankruptcy court has discharged their obligation in that regard." *Holden*, 147 Ohio St.3d 85, 2016-Ohio-4603, 60 N.E.3d 1243, at ¶ 6. Those same differences were present in *Walker* and are reflected in the case sub judice — both nonbankruptcy cases. Where the statute of limitations on the note has run, the mortgagee has no recourse and the mortgagor is under no obligation to pay the outstanding debt. Filing an action on the mortgage, in those circumstances, is the mortgagee's only option to recover the amount owing.

Despite that bar, U.S. Bank can pursue its foreclosure action on the mortgage based upon the holdings of *Robinson* and *Walker*. [4]

**{¶ 24}** U.S. Bank's foreclosure claim was not barred by R.C. 1303.16(A)'s statute of limitations. Thus, the trial court did not err when it granted, in part, U.S. Bank's motion for summary judgment and granted U.S. Bank's foreclosure action. For the foregoing reasons, the O'Malleys' first assignment of error is overruled.

## C. <u>Standing to Bring the Foreclosure Action</u>

**{¶ 25}** Within their second assignment of error, the O'Malleys challenge that the trial court erred in granting summary judgment to U.S. Bank because genuine issues of material fact exist as to whether U.S. Bank has standing. Specifically, the O'Malleys argue that the affidavit of Mark Syphus ("Syphus affidavit") attached to U.S. Bank's motion for summary judgment did not state the bank possessed the note and mortgage when the 2015 complaint was filed, and therefore, the bank lacked standing. U.S. Bank argues possession, and therefore, standing was established by affixing the note, alonges, mortgage, and assignments to the 2015 complaint and providing the Syphus affidavit.

**{¶ 26}** "It is fundamental that a party commencing litigation must have standing to sue in order to present a justiciable controversy and invoke the

---

[4] The O'Malleys cite to *In re Fisher*, 584 B.R. 185 (Bankr.N.D.Ohio 2018), and that court's interpretation of *Holden* to support their argument that "when the statute of limitations expires on the note then a claim under the mortgage is also barred by the statute of limitations." Appellants' brief at 4. *In re Fisher* is not controlling law and we are bound by our own Eighth District precedent — *Walker* and *Robinson* — that applies *Holden* and finds separate statutes of limitation apply to the note and mortgage.

jurisdiction of the common pleas court." *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 41. A party has standing to prosecute a foreclosure action if it establishes either that (1) it was the holder of the note in question, or (2) it was assigned the mortgage. *Deutsche Bank Natl. Trust Co. v. Baxter*, 2017-Ohio-1364, 89 N.E.3d 91, ¶ 14 (8th Dist.).

{¶ 27} Here, U.S. Bank introduced evidence that it was both the holder of the note and was the current assignee of the mortgage at the time it filed the 2015 complaint. Such evidence presented in a foreclosure claim is sufficient to establish standing. *U.S. Bank, N.A. v. Matthews*, 8th Dist. Cuyahoga No. 105011, 2017-Ohio-4075, ¶ 29.

{¶ 28} U.S. Bank attached copies of the following to the 2015 foreclosure complaint: the note and allonges; the mortgage; an assignment of the note and mortgage from Finance America to Bank of America; an assignment of the mortgage from Bank of America to U.S. Bank; and an affidavit signed by both U.S. Bank's vice president, Charles Pedersen, and Bank of America's vice president, Jay Miller ("Pedersen/Miller affidavit"). The Pedersen/Miller affidavit verifies Bank of America and U.S. Bank entered a purchase agreement on November 11, 2010, whereby U.S. Bank acquired assets including the O'Malleys' mortgage-backed transaction.[5]

---

[5] No evidence was introduced stating the purchased assets transferred on the same date — November 11, 2010 — that Bank of America and U.S. Bank entered the purchase agreement.

{¶ 29} In support of U.S. Bank's motion for summary judgment, the bank attached the Syphus affidavit. In his affidavit, Mark Syphus verifies he is a Document Control Officer with Select Portfolio Servicing, Inc. ("SPS"), the mortgage servicer for U.S. Bank. In this capacity, Syphus has access to SPS's business records, including the records relating to the O'Malleys' loan. Syphus prepared the affidavit based upon his review of those records and his own personal knowledge of how the records are kept and maintained. Syphus attested that U.S. Bank has possession of the note and true and correct copies of the note, mortgage, and assignments of mortgage are attached to his affidavit.

{¶ 30} According to R.C. 1303.31(A)(1), the holder of a note is entitled to enforce the note. The holder of a note includes "'[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession.'" *Matthews*, 8th Dist. Cuyahoga No. 105011, 2017-Ohio-4075, at ¶ 30, quoting R.C. 1301.201(B)(21)(a).

{¶ 31} Attached to the complaint is a copy of the promissory note dated November 16, 2004, as well as two undated allonges indicating the note was negotiated from Finance America to Bank of America and from Bank of America to U.S. Bank. Allonges are not required to be dated. *Jones*, 2018-Ohio-587, 107 N.E.3d 117, at ¶ 27. The Syphus affidavit states U.S. Bank possessed the note when U.S. Bank's motion for summary judgment was filed. Contrary to the O'Malleys' argument, Syphus's affidavit was not required to specifically affirm that U.S. Bank

had possession of the note when the foreclosure action was filed. *See Matthews* at ¶ 30.

{¶ 32} Even though the allonges are undated, and the Syphus affidavit does not specify U.S. Bank had possession of the note at the time the 2015 complaint was filed, the fact that copies of the note and allonges are attached to the 2015 complaint is sufficient evidence to show (1) the note was negotiated to U.S. Bank before it filed the complaint, and (2) U.S. Bank was in possession of the promissory note prior to filing the foreclosure complaint. *Matthews* at ¶ 30. This evidence establishes U.S. Bank was the holder of the note and had standing.

{¶ 33} Further, a chain of recorded assignments shows U.S. Bank was the current assignee of the mortgage when the 2015 complaint was filed. *Matthews*, 8th Dist. Cuyahoga No. 105011, 2017-Ohio-4075, at ¶ 31. The assignment of note and mortgage attached to the 2015 foreclosure complaint indicates that on June 25, 2009, MERS as nominee for Finance America, assigned the mortgage to Bank of America. The mortgage was then assigned to U.S. Bank on September 29, 2015. [6] The assignments demonstrate U.S. Bank was assigned the mortgage and was entitled to enforce the mortgage and foreclosure action. *Walker*, 2017-Ohio-535, 78 N.E.3d 930, at ¶ 28.

{¶ 34} Accordingly, U.S. Bank had standing to file the foreclosure action. We find the O'Malleys' second assignment of error is without merit and is overruled.

---

[6] The O'Malleys lack standing to object to the assignment of the mortgages because they were neither a party to, nor a third-party beneficiary of, the contract to assign the rights. *Bank of Am. v. Rogers*, 8th Dist. Cuyahoga No. 107464, 2019-Ohio-1443, ¶ 20.

### D. **Allonges**

{¶ 35} In their third assignment of error, the O'Malleys contend genuine issues of material fact exist as to whether the allonges were affixed to the original note when the 2015 complaint was filed. In their fourth assignment of error, the O'Malleys also argue the allonges differ among the 2010, 2011, and 2015 complaints filed against them by U.S. Bank.

{¶ 36} A promissory note and two allonges were attached to the 2015 complaint and U.S. Bank's motion for summary judgment. The note and allonges attached to the 2015 complaint and motion for summary judgment were identical. While the Syphus affidavit attached to U.S. Bank's motion for summary judgment referenced the note as Exhibit A — and did not mention the allonges — both the note and allonges were included as Exhibit A to the affidavit. Likewise, the promissory note and allonges were attached together as Exhibit A to the 2015 complaint. We can reasonably infer that when Syphus referenced the note he was referring to the note and the two allonges that were provided as one exhibit.

{¶ 37} The first allonge indorsed interest in the O'Malleys' note from Finance America, L.L.C. to Bank of America. The O'Malleys' names are listed on the allonge. Additionally, the second allonge indorsed by Bank of America to U.S. Bank specifically references the O'Malleys by name as well as the date of the O'Malleys' note, the amount of the note, and the address of the mortgaged property securing the payment of the note. Syphus stated in his affidavit that U.S. Bank was in possession of the note at the time the motion for summary judgment was filed.

Syphus was not required to aver that he compared the copies attached to his affidavit with the original documents. *Wells Fargo Bank, N.A. v. Hammond*, 2014-Ohio-5270, 22 N.E.3d 1140, ¶ 37 (8th Dist.).

**{¶ 38}** Based upon the foregoing evidence, U.S. Bank was not required to state, verbatim, that the allonges were physically attached to the note. *Wilmington Trust Natl. Assn. v. Boydston*, 8th Dist. Cuyahoga No. 105009, 2017-Ohio-5816, ¶ 25. The trial court could reasonably conclude that the allonges filed with the 2015 complaint were properly affixed to the note at the time the instant case was filed. *MorEquity, Inc. v. Gombita,* 2018-Ohio-4860, 125 N.E.3d 300, ¶ 37 (8th Dist.); *see also Matthews*, 8th Dist. Cuyahoga No. 105011, 2017-Ohio-4075, at fn. 3.

**{¶ 39}** The O'Malleys also complain that in the prior 2010 and 2011 foreclosure cases between the same parties, the note and allonges attached to the complaints had hole punches at the top of the pages. The copies of the note and allonges attached to the 2015 complaint do not contain hole punches. The O'Malleys argue that the presence versus the absence of hole punches raises a genuine issue of material fact as to whether the allonges were affixed to the original note when the 2015 complaint was filed. Yet, the presence of two differing copies of a note "'does not mandate a finding that one of the notes was "unauthentic" or otherwise preclude[ ] summary judgment.'" *Hammond* at ¶ 21, quoting *Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, at ¶ 59, citing *U.S. Bank, N.A. v. Adams*, 6th Dist. Erie No. E-11-070, 2012-Ohio-6253, ¶ 10.

{¶ 40} Further, the O'Malleys incorrectly compare the differences in the allonges — the presence or absence of hole punches — to the facts in *U.S. Bank, N.A. v. Lavelle*, 8th Dist. Cuyahoga No. 101729, 2015-Ohio-1307, where inconsistencies between two notes resulted in genuine issues of material fact that precluded resolution of the case by summary judgment. In *Lavelle*, notes affixed to two separate complaints were both purported to be the original note yet significant, obvious differences existed between them — the notes differed in page length and the indorsements on the notes were signed by different parties. *Id.* at ¶ 18-19. The note and allonge attached to the 2010 and 2011 complaint are identical. The differences in the 2015 complaint are (1) the attachment of the second allonge, and (2) the presence of hole punches. The second allonge demonstrating the indorsement of interest from Bank of America to U.S. Bank was recorded in 2015 and would not have been available when the 2010 and 2011 complaints were filed. Further, the fact that the 2010 and 2011 note and allonge had hole punches while the 2015 complaint's attached note and allonges did not have hole punches is immaterial. The differences between the note and allonge attached to the 2010 and 2011 complaints in comparison to the note and allonges presented with the 2015 complaint do not create genuine issues of material fact.

{¶ 41} The record demonstrates U.S. Bank presented evidence that the allonges were affixed to the promissory note. Once U.S. Bank submitted such evidence, the burden shifted to the O'Malleys to present evidence of conflicting facts demonstrating a genuine issue of material fact as to whether the allonges were

attached to the note. *Wells Fargo Bank v. Sowell*, 2015-Ohio-5134, 53 N.E.3d 969, ¶ 20 (8th Dist.); Civ.R. 56(E). The O'Malleys did not introduce compelling evidence to support these claims.

{¶ 42} The O'Malleys' third assignment of error and the portions of the O'Malleys' fourth assignment of error regarding allonges that were presented and discussed here lack merit and are overruled.

### E. **Sufficiency of the Affidavit**

{¶ 43} The O'Malleys raise numerous issues in their fourth assignment of error that reads:

> Fourth Assignment of Error: The trial court erred by granting appellee's motion for summary judgment when the affidavit of Mark Syphus was not made upon personal knowledge and material issues of fact existed for trial.

For ease of analysis, we will discuss the issues individually.

### 1. **Possession of the Note**

{¶ 44} The O'Malleys challenge the sufficiency of Mark Syphus's affidavit that was submitted in support of U.S. Bank's motion for summary judgment and whether it establishes U.S. Bank had possession of the original note.

{¶ 45} Civ.R. 56(E) governs affidavits submitted in support of motions for summary judgment and states, in pertinent part:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit. * * *

The O'Malleys argue that there is no business record — such as a computer screen shot or other document — attached to the Syphus affidavit supporting Syphus's statement that U.S. Bank has possession of the note.

{¶ 46} In the absence of contradictory evidence, an affiant's assertion that his business affidavit is made on personal knowledge demonstrates the affiant is competent to testify to the matters contained therein and satisfies Civ.R. 56(E). *Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, at ¶ 20; *Sowell*, 2015-Ohio-5134, 53 N.E.3d 969, at ¶ 17. An averment that the affiant has personal knowledge of a transaction or fact cannot be disputed without contrary evidence. *Id.* An affiant is not required to explain the basis of his personal knowledge where that knowledge can be reasonably inferred from the affiant's position and other facts contained in the affidavit. *MorEquity*, 2018-Ohio-4860, 125 N.E.3d 300, at ¶ 25. "Similarly, verification of documents attached to an affidavit supporting or opposing a motion for summary judgment is generally satisfied by an appropriate averment in the affidavit itself, for example, that 'such copies are true copies and reproductions.'" *Najar* at ¶ 20, quoting *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459, 423 N.E.2d 105 (1981), paragraph three of the syllabus.

{¶ 47} Here, Syphus stated in his affidavit that as a Document Control Officer with SPS, the servicer for U.S. Bank, he has access to and is familiar with SPS's business records, including the business records for and relating to the subject loan. The affidavit is made based upon Syphus's own personal knowledge of how the records are kept and maintained and his review of the relevant SPS business

records including the business records relating to the O'Malleys' loan. SPS collects payments from borrowers and maintains up-to-date electronic records in its electronic record-keeping system. The loan records are kept in the ordinary course of SPS's regularly conducted business activities. Any business records created by a prior servicer have been integrated and boarded into SPS's system and those records are now part of SPS's business records. SPS maintains quality control and verification procedures to ensure the accuracy of the boarded records and in its regular course of business, SPS relies on the boarded records. Syphus averred that according to the SPS business records, U.S. Bank, directly or through an agent, has possession of the note and the note has been either made payable to U.S. Bank or has been duly indorsed. The Syphus affidavit stated that a true and correct copy of the note was attached.

{¶ 48} The foregoing statements within the affidavit satisfied Civ.R. 56(E)'s personal knowledge requirement. The O'Malleys offered no evidence contrary to Syphus's statements. It can be reasonably inferred from Syphus's position and other facts contained in the affidavit that Syphus has personal knowledge of the information contained within his affidavit including that U.S. Bank had possession of the note. *Matthews*, 8th Dist. Cuyahoga No. 105011, 2017-Ohio-4075, at ¶ 22. The fact that Syphus is an employee of the mortgage servicer, rather than of U.S. Bank, is immaterial. *Najar* at ¶ 27.

{¶ 49} In addition to Syphus's affidavit, a review of the note and allonges attached to the 2015 complaint and U.S. Bank's motion for summary judgment

demonstrates the documents are identical. The attachment of the note and allonges to both pleadings, along with Syphus's assertions in his affidavit, show U.S. Bank was in possession of the note when the 2015 complaint was filed.

**{¶ 50}** We do not require summary judgment affidavits that are based upon documents to state the affiant compared the attached copies with the original documents, "'nor do we intend to do so because the Ohio Supreme Court has not made this a requirement of Civ.R. 56(E).'" *Sowell*, 2015-Ohio-5134, 53 N.E.3d 969, at ¶ 16, quoting *Hammond*, 2014-Ohio-5270, 22 N.E.3d 1140, at ¶ 37. Further, the fact that the note attached to the affidavit had a court time-stamped date on the bottom margin did not refute Syphus's statement that the attachment was a true and correct copy of the note.

**{¶ 51}** The use of the phrase "directly or through an agent" in the Syphus affidavit did not raise a genuine issue of material fact as to whether the affiant was with personal knowledge as to who has possession of the note. *See U.S. Bank Natl. Assn. v. Duvall*, 8th Dist. Cuyahoga No. 102156, 2015-Ohio-2275, ¶ 18-19 (while the language "directly or through an agent" may suggest an affiant lacks personal knowledge of the facts, additional statements that the affiant inspected business records relating to the foreclosure and that her knowledge is based upon that inspection demonstrate the affiant possesses the averred information through her own personal knowledge).

**{¶ 52}** The O'Malleys' reliance on *Deutsche Bank Natl. Trust Co. v. Dvorak*, 9th Dist. Summit No. 27120, 2014-Ohio-4652, and *Bank of New York Mellon v.*

*Villalba*, 9th Dist. Summit No. 26709, 2014-Ohio-4351, is misplaced. The *Dvorak* court found the granting of a motion for summary judgment inappropriate because Deutsche Bank failed to demonstrate it was in possession of the note when the complaint was filed. However, the facts set forth in *Dvorak* do not state that the note was attached to the foreclosure complaint. In *Villalba*, there was a discrepancy between the dates of the assignment of the mortgage and the affiant's claimed date of ownership. The *Dvorak* and *Villalba* courts required additional documentation, such as supporting business records, to prove possession of the note when the complaint was filed. Additional documentation was not required here because the complaint and its attached exhibits, coupled with Syphus's affidavit, show that U.S. Bank was in possession of the note on the date the foreclosure complaint was filed.

{¶ 53} Based upon our review, the facts averred in Syphus's affidavit were sufficient to establish that Syphus had personal knowledge of the facts contained within his affidavit and that U.S. Bank had possession of the note.

### 2. Authentication of the Default

{¶ 54} The O'Malleys argue the Syphus affidavit did not authenticate the default. The O'Malleys challenge that the affidavit was executed on April 27, 2017, yet the affidavit identifies the balance due — or the default — as of a date in the future, May 31, 2017. The O'Malleys also argue that Syphus could not authenticate the default records for any company other than his employer, SLS, or U.S. Bank.

{¶ 55} Unless controverted by evidence, an affidavit stating the loan is in default is sufficient for purposes of Civ.R. 56 to authenticate a default. *Bank One,*

*N.A. v. Swartz*, 9th Dist. Lorain No. 03CA008308, 2004-Ohio-1986, ¶ 14. There is no requirement that a plaintiff in a foreclosure action provide a complete payment history in order to prevail on summary judgment. *Matthews*, 8th Dist. Cuyahoga No. 105011, 2017-Ohio-4075, at ¶ 33.

{¶ 56} Here, U.S. Bank presented evidence, through Syphus's affidavit and its attachments, establishing that the loan was in default; the default had not been cured; the amount owed on the loan; and the fact that the conditions precedent to foreclosure — as set forth in the mortgage — had been satisfied. This evidence was sufficient to establish the amount due on the note. *Matthews* at ¶ 34. The Syphus Affidavit's reference to a balance due on May 31, 2017 — a future date — does not adversely affect the authentication of the default.

{¶ 57} The O'Malleys cite *Bank of New York Mellon v. Roulston*, 8th Dist. Cuyahoga No. 104908, 2017-Ohio-8400, in support of their position that Syphus could not authenticate the default records because they were generated by an entity other than SLS or U.S. Bank. However, the holding in *Roulston* was narrowed in *Jones*, 2018-Ohio-587, 107 N.E.3d 117; *see also Bank of New York Mellon v. Kohn*, 7th Dist. Mahoning No. 17 MA 0164, 2018-Ohio-3728, ¶ 14-17.

{¶ 58} In *Jones*, the note and mortgage at issue were initially executed, respectively, in favor of First Magnus and MERS, acting as nominee for First Magnus. An undated allonge was attached to the note negotiating the document to Deutsche Bank as Trustee for Residential Accredit Loans, Inc. ("Deutsche Bank Trustee"). The homeowners' last payment was received in May 2012; the mortgage

was assigned to Deutsche Bank Trust in August 2012 and Deutsche Bank in 2016. The loan servicing officer, who provided an affidavit supporting Deutsche Bank's motion for summary judgment, sufficiently demonstrated his personal knowledge of the default:

> He averred that in the regular performance of his job functions, he reviews business records related to the servicing of the mortgage loan at issue, and that these records are maintained in the regular course of business. [He] authenticated the note, mortgage, and assignments, attesting that they are true and accurate. He also authenticated attached payment records detailing all payments and demonstrating that the Joneses' last payment was applied to the May 2012 installment of the mortgage. [He] averred that the Joneses were advised in August 2012 that the loan was in default, accelerating the unpaid balance of $142,475.

*Jones* at ¶ 20. Although Deutsche Bank held the note and mortgage subsequent to the Joneses' last mortgage payment, the loan servicing officer's affidavit provided sufficient information to authenticate the default.

{¶ 59} Just as the loan servicing officer in *Jones* had sufficient knowledge to authenticate the default, so too did Syphus. Syphus's affidavit demonstrated his personal knowledge of the referenced business records related to the servicing of the O'Malleys' loan. The records reviewed were maintained in the regular course of business. Syphus authenticated the note, mortgage, and assignments, attesting that they were true and accurate. Syphus also authenticated the attached demand letter

and account history and verified the O'Malleys' last payment was made on February 1, 2009, and a balance of $531,350.34 was owing to U.S. Bank.[7]

{¶ 60} If the O'Malleys disputed the amount of the default, they could have raised this argument and submitted evidence — such as cancelled checks, bank statements, or receipts attached to an affidavit — to establish the proposed amounts were incorrect. *Jones*, 2018-Ohio-587, 107 N.E.3d 117, at ¶ 20; *Chase Manhattan Mtge. Corp. v. Locker*, 2d Dist. Montgomery No. 19904, 2003-Ohio-6665, ¶ 30. No such evidence was introduced.

{¶ 61} To successfully oppose a motion for summary judgment, a party must present supporting evidence in accordance with Civ.R. 56(C); the reliance on unsubstantiated allegations does not raise genuine issues of material fact. *Schrader v. Gillette*, 48 Ohio App.3d 181, 183, 549 N.E.2d 218 (11th Dist.1988); *see also Locker* at ¶ 30-32. The O'Malleys did not provide evidence in support of their claim that U.S. Bank failed to authenticate the default.

---

[7] Furthermore, the instant matter is distinguishable from *Fannie Mae v. Ford*, 2016-Ohio-919, 61 N.E.3d 524 (8th Dist.). In *Ford*, the plaintiff-creditor's motion for summary judgment was not appropriate because the plaintiff-creditor did not attach a copy of the notice of acceleration or payment history, and therefore, could not substantiate "(1) that the required prerequisites under the note and mortgage were performed in order to accelerate the balance due on the note; (2) the relevant loan history; and (3) the evidence to support the late fees." *Ford* at ¶ 20. Here, all necessary support materials were provided and attached to U.S. Bank's motion for summary judgment including the mortgage, assignment of mortgage, demand letter, and account history.

**{¶ 62}** Syphus provided sufficient information to authenticate the default records.

### 3. **Successor Relationship**

**{¶ 63}** The O'Malleys argue U.S. Bank "did not properly authenticate a merger" but the evidence does not support their position. The note and allonges attached to the 2015 complaint and summary judgment indicate the note was originally payable to Finance America. Finance America negotiated the note by indorsing it to Bank of America and, in turn, Bank of America negotiated the note to U.S. Bank.

**{¶ 64}** The first assignment of the mortgage that was filed with the Cuyahoga County's Recorder's Office on May 3, 2010, clearly indicates Finance America's intent to transfer the note, along with the mortgage, to Bank of America. Similarly, the second assignment of the mortgage — filed with the Cuyahoga County's Recorder's Office on October 30, 2015, — demonstrates Bank of America's intent to transfer the mortgage to U.S. Bank.

**{¶ 65}** The assignments of mortgage were admissible as evidence because they were exempted from the hearsay rule under Evid.R. 803(14) — records of documents affecting an interest in property. *United States Bank Natl. Assn. v. Higgins*, 2d Dist. Montgomery No. 24963, 2012-Ohio-4086, ¶ 16. Both assignments are acknowledged by a notary, and therefore, are self-authenticating. *Id.* at ¶ 17. The assignments also contain stamps noting the date the documents were filed with the Cuyahoga County Recorder's Office. Further, the Syphus affidavit avers that the

attached copies of the assignments are true and correct copies of the originals. Based upon the facts and Evid.R. 803(14), the assignments of mortgage were properly considered with U.S. Bank's motion for summary judgment.

**{¶ 66}** The note, allonges, and assignments of mortgage demonstrate U.S. Bank was the holder of the note and mortgage.

**{¶ 67}** Our review of the record demonstrates Syphus's affidavit was sufficient; the O'Malleys' default was properly authenticated; and the successor relationship of the parties was established. Accordingly, we find that the O'Malleys' fourth assignment of error lacks merit and is overruled.

**{¶ 68}** Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

RAYMOND C. HEADEN, JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR